UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In RE:

Craig Clinton Rominger and
Heidi Kay Rominger, Debtors

Jonathan Roberts, an Individual.
Plaintiff,

v.

Craig Clinton Rominger and
Heidi Kay Rominger,

Defendants.

CASE NO: 24-11790-CMA

Adversary Case: 24-01085-CMA

MOTION FOR JUDICIAL NOTICE OF PRIVILEGE WAIVER AND NOTICE OF REQUEST FOR PRODUCTION OF DOCUMENTS

FILED - WAWB SEATTLE
25 APR 2025 AM 10:59

BEFORE: the Honorable Christopher M. Alston, United States Bankruptcy Judge. Western District of Washington at Seattle.

AND TO: Plaintiff Jonathan Roberts and his counsel of record, Christy Tobin Presser

COMES NOW Defendant Craig Rominger ("Rominger"), and respectfully moves the Court for entry of an order taking judicial notice under Federal Rule of Evidence 201 and Federal Rule of Evidence 502(a), as described below.

**I. RELIEF REQUESTED**

Defendant requests that the Court take judicial notice of Plaintiff Jonathan Roberts' voluntary disclosure of attorney-client communications in connection with a protection order filing in King County, Washington, wherein Roberts submitted an email(s) (attached thereto and referenced herein as "Exhibit A" and "Exhibit B") that involved attorney Christy Tobin Presser. The email was submitted by or on behalf of Roberts to support his claim that he felt threatened by the Defendant.

**II. LEGAL BASIS FOR JUDICIAL NOTICE AND PRIVILEGE WAIVER**

Federal Rule of Evidence 201 allows a court to take judicial notice of facts not subject to reasonable dispute, including those established by court records. Courts regularly take notice of

documents filed in other proceedings. See, e.g., *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (courts may take judicial notice of court records in related proceedings); *Biggs v. Terhune*, 334 F.3d 910, 916 n.3 (9th Cir. 2003).

Plaintiff's submission of Exhibit A and Exhibit B into the public court record, for the express purpose of supporting a legal claim, constitutes a waiver of attorney-client privilege under Federal Rule of Evidence 502(a). That rule provides that the intentional disclosure of privileged communications waives the privilege as to the subject matter disclosed, where fairness requires disclosure of related communications. See *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) (en banc) ("[T]he privilege may be waived if a litigant puts the attorney-client relationship directly at issue."); *United States v. Nobles*, 422 U.S. 225, 239 (1975) (a party cannot use privilege as both a sword and a shield).

## III. FACTUAL BACKGROUND

Plaintiff Jonathan Roberts initiated a protection order against Defendant Rominger on April 22, 2025. In support of his protection order, Roberts submitted and referenced two (2) email chains that involved communications with Christy Tobin Presser, his bankruptcy attorney in this case. This disclosure was made voluntarily and strategically, to support the narrative that Defendant threatened him via a photograph left at his office. This protection order was in retaliation for Rominger's Protection Order for Legal Harassment and Abusive Litigation, hearing to be held in Snohomish Superior Court May 14, 2025.

## IV. REQUEST FOR PRODUCTION OF DOCUMENTS

As a result of Plaintiff's waiver of privilege, Defendant hereby serves the following Request for Production:

**Request for Production No. 1:** All communications between Jonathan Roberts and Christy Tobin Presser referring or relating to the alleged threats made between August 1, 2023 to Present.

2

MOTION FOR JUDICIAL NOTICE OF PRIVILEGE
WAIVER AND NOTICE OF REQUEST FOR
PRODUCTION OF DOCUMENTS

Case 24-01085-CMA    Doc 24    Filed 04/25/25    Ent. 04/28/25 09:03:13    Pg. 2 of 6

**Request for Production No. 2:** All communications between Jonathan Roberts and any third party, including but not limited to Garr Larson, discussing the manila envelope or any alleged threat from Defendant Craig Rominger.

**Request for Production No. 3:** All drafts, outlines, or internal notes regarding the preparation of Plaintiff's Protection Order petition involving Rominger.

**Request for Production No. 4:** All communications or documents submitted or intended to be submitted in support of the Protection Order referenced above AND the Protection Order filed in October 2023.

**Request for Production No. 5**: Any and all communications, memoranda, notes, drafts, or correspondence—whether privileged or not—that refer or relate to Protection Orders filed by the Plaintiff, Rominger's alleged conduct, or any legal actions or anticipated legal actions involving Craig Rominger.

Defendant reserves the right to request additional discovery as necessary should Plaintiff's responses reveal further relevant communications or inconsistencies.

## V. CONCLUSION

Roberts cannot simultaneously submit an email involving his attorney to gain credibility in one courtroom, and then hide behind privilege in another. Whether the communication was privileged or not, it is now fair game. The Court is entitled to the full context, not cherry-picked fragments.

Based on the foregoing, Defendant respectfully requests that this Court:

1. Take judicial notice that Plaintiff Jonathan Roberts voluntarily waived attorney-client privilege as to the subject matter disclosed in Exhibit's A and B.
2. Acknowledge that the waiver extends to all related communications on the same subject matter.

3. Enter an order authorizing discovery of the above-described categories of communications.

DATED this 25th day of April, 2025.

Respectfully submitted,

Craig Rominger, Pro Se
7517 150th St SE
Snohomish, WA 98296
425-218-1838
craig.rominger@gmail.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

Before the Honorable Christopher M. Alston

In re:
CRAIG ROMINGER,
Debtor.

---

JONATHAN ROBERTS,
Plaintiff,

v.

CRAIG ROMINGER,
Defendant.

---

FILED - WAWB SEATTLE
25 APR 2025 AM 10:59

Case No. 24-11790-CMA
Adversary Proceeding No. 24-01085-CMA

**NOTICE OF MOTION AND HEARING**

TO: The Clerk of the Court, all parties in interest, and their respective attorneys of record

PLEASE TAKE NOTICE that the undersigned has filed a Motion for Judicial Notice of Privilege Waiver and Request for Production of Documents in the above-captioned matter.

The motion will be heard before the Honorable Christopher M. Alston, United States Bankruptcy Judge for the Western District of Washington, on:

**DATE:** May 22, 2025
**TIME:** 9:30 a.m.
**LOCATION:** U.S. Bankruptcy Court, 700 Stewart Street, Courtroom 7206, Seattle, WA 98101

At that time, or as soon thereafter as counsel may be heard, Defendant Craig Rominger will move the Court to enter an order granting the relief requested in the motion, as fully set forth therein.

Any opposition to the motion must be filed and served no later than seven (7) days prior to the hearing date, in accordance with Local Bankruptcy Rule 9013-1(d)(1).

DATED this 24th day of April, 2025.

Respectfully submitted,

*[signature]*

Craig Rominger, Pro Se
7517 150th St SE
Snohomish, WA 98296
425-218-1838