Christine M. Tobin-Presser, WSBA #27628
BUSH KORNFELD LLP
601 UNION STREET, SUITE 5000
SEATTLE, WA 98101
Tel: (206) 292-2110
Emails: ctobin@bskd.com

HONORABLE CHRISTOPHER M. ALSTON

HEARING DATE: May 21, 2025
HEARING TIME: 9:30 a.m.
LOCATION: Zoomgov
RESPONSE DUE: May 15, 2025

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 7 |
| CRAIG CLINTON ROMINGER and HEIDI KAY ROMINGER, | No. 24-11790-CMA |
| Debtors. | |
| JONATHAN ROBERTS, an individual, | |
| Plaintiff, | Adversary Case No. 24-01085-CMA |
| v. | PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL |
| CRAIG CLINTON ROMINGER and HEIDI KAY ROMINGER, | |
| Defendants. | |

Jonathan Roberts ("Plaintiff"), plaintiff herein, responds to Defendant's Motion to Compel (the "Compel Motion"). Plaintiff's response is supported by the Declaration of Jonathan Roberts in support of this response (the "Roberts Declaration") filed contemporaneously herewith.

The above-captioned adversary proceeding (the "Adversary Proceeding") is an action for revocation of Defendants' bankruptcy discharge under 11 U.S.C. § 727(d)(1), on the bases that the discharge was obtained through fraud, and that Plaintiff did not know of the fraud pre-discharge. Plaintiff asserts that Defendants failed to (a) disclose significant assets and liabilities stemming from

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL– Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ie06q101p2

their connection with Glacia, Inc. ("Glacia"), (b) failed to make required disclosures regarding their relationship to Glacia, including their majority stock ownership and officer positions and (c) failed to timely schedule or to provide notice of the bankruptcy case to potential claimants that may assert claims against Defendants based upon their Glacia-related activities. ECF 1 and ECF 26 at § II.B (Specific Fraud by Debtors in Obtaining Their Discharge). The legal issues before the Court (the "Adversary Proceeding Issues"), are (a) whether Defendants knowingly and fraudulently made material false oaths in their bankruptcy case, and (b) whether Plaintiff learned of the fraud prior to Defendants receiving their discharge.

On April 2, 2025, Defendants served Plaintiff with Defendants First Set of Interrogatories and Requests for Production to Plaintiffs. Tobin-Presser Decl., Ex. A. Roberts timely provided responses and objections to the Discovery Requests on May 1, 2025 (the "Discovery Responses"). Tobin-Presser Decl., Ex. B; Roberts Decl., Ex. A. A true copy of the substantive portion of the Discovery Responses is attached hereto as Exhibit A for ease of reference. Plaintiff's Discovery Responses are notarized and contain a verification by Plaintiff as to their truth, accuracy and completeness.

Certain of the Interrogatories, and the majority of the Requests for Production (each, an RFP), seek information and documents relating Defendants long-asserted grievances against Plaintiff and others underlying the prior, fully administered receivership of non-debtor Glacia (the "Receivership") that Defendants contested and apparently wish to re-litigate in the Adversary Proceeding or, more likely, another forum.[1] Much of the information sought by Defendants has no relevance whatsoever to the Adversary Proceeding Issues and Plaintiff appropriately set forth his detailed objections to these

_____

[1] Defendant Craig Rominger has recently filed three *pro se* lawsuits in Snohomish County Superior Court against Glacia investor Doug Backous, Glacia former president Chad Goodwin, and the accountant hired by the Receiver to review Glacia, Inc.'s books and records, as well as an action against Roberts, purportedly seeking a protection order but asserting tort claims. ECF 30-1, 30-2, 30-3 and 34-2.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL– Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ie06q101p2

requests, which is confirmed in Exhibit A. Exhibit A further confirms that where discovery sought is even arguably related to the Adversary Proceeding Issues, Plaintiff provided full answers to the questions asked (as opposed to what Defendants may have intended to ask), and responsive documents.

On Friday, May 2, 2025, Defendant Craig requested a conference to discuss what he characterized as Plaintiff's inadequate discovery responses. Tobin-Presser Decl., Ex. B. Plaintiff's counsel immediately responded conveying availability on Monday, May 5, 2025, and requesting that the conference take place using by Zoom or Teams so that it could recorded, thus eliminating the potential for misunderstanding or mischaracterization of the parties' positions. *Id.* Defendants did not respond and instead, filed the Compel Motion on Monday, May 5, 2025.

A. **Interrogatories**

With the exception of Interrogatories 2 and 6, which are addressed separately in Section C, *infra,* the following chart identifies each Interrogatory, as well as whether Plaintiff objected and/or provided a substantive answer. Plaintiff stands behind each of his objections and answers, which can be viewed on Exhibit A. Roberts Decl. To the extent that Defendants have evidence that Plaintiff's answers are false, which they are not, they are welcome to present that when and if relevant in the Adversary Proceeding.

| Interrogatory | Fully Responded | Provided Objection |
|---|---|---|
| INTERROGATORY NO. 1. Identify all persons known to you and/or your attorneys that have any knowledge concerning any of the issues in the above-entitled case, including all known contact information for these persons and a brief statement of the | X[2] | |

[2] The only individuals for which Plaintiff did not explicitly provide contact information are the former Glacia investors that Defendants themselves belatedly scheduled on their Bankruptcy Schedule E/F, and thus, clearly already have contact information.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL– Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ie06q101p2

| Interrogatory | Fully Responded | Provided Objection |
|---|---|---|
| information that these persons have or may have. | | |
| INTERROGATORY NO. 3. Identify the date Craig Rominger was removed from his position as Chief Executive Officer, Chairman of the Board of Directors and/or president of Glacia, Inc. | X | |
| INTERROGATORY NO. 4. Identify the date Heidi Rominger was removed from her position as the Secretary of Glacia, Inc. | X | |
| INTERROGATORY NO. 5. In Paragraph 11 of your Complaint, you allege there were revenue-producing assets held by Glacia, Inc. Please identify which Glacia, Inc's assets were producing revenue and identify the total value of those revenue producing assets made during the fiscal years 2020, 2021, and 2022. | X | X |
| INTERROGATORY NO. 7. What is the final value of Glacia, Inc's indenture instruments held by the Romingers on July 18, 2024? | X | |
| INTERROGATORY NO. 8. What is the final value of wage claims against Glacia, Inc. held by the Romingers? | X | X |
| INTERROGATORY NO. 9. Please explain RPrime Foundation's interest and/or relationship to the Receivership Action. | X | |
| INTERROGATORY NO. 10. Have you ever used address 4105 E. Madison St. #200 Seattle, WA 98112? If so, please for what purpose, and identify the period in which you used this address. | X | |
| INTERROGATORY NO. 11. Please identify the first day in which you became aware of Defendants' bankruptcy filing. | X | |
| INTERROGATORY NO. 12. Please identify the respective dates of when your legal counsel Bush Kornfeld heard about the Rominger's bankruptcy filing, Case No. 24-11790-CMA, and when Bush Kornfeld first accessed the electronic docket in bankruptcy filing, Case No. 24-11790-CMA | X | |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
COMPEL– Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ie06q101p2

| Interrogatory | Fully Responded | Provided Objection |
|---|---|---|
| INTERROGATORY NO. 13. Please identify all information that you believe was improperly omitted by the Defendants in their bankruptcy schedules (each, a "Schedule") and statement of financial affairs (the "SOFA"). | X | |
| INTERROGATORY NO. 14. Please identify what you believe to be the value of all the above omitted assets or claims indicated in response to Interrogatory No. 13 on or about October 8, 2024. | X | X |
| INTERROGATORY NO. 15. Other than incurring attorney's fees, identify all compensable damages you believe were caused to you by the non-disclosure of the above omitted assets or claims indicated in response to Interrogatory No. 13. | X | X |
| INTERROGATORY NO. 16. Concerning the information that you believe was improperly omitted by the Defendants in their bankruptcy Schedules or SOFA, please identify whether these items were similarly not disclosed in the parallel Receivership Action. | X | X |

B.    **Requests for Production**

The RFPs almost exclusively seek documents outside of the scope of the Adversary

Proceeding Issues and the limits of Federal Rule of Bankruptcy Procedure 7026(b).  The vast majority

of the RFPs seek documents attempting to disprove allegations[3] made by Plaintiff in the Motion for

Appointment of Receiver with respect to Glacia, filed in December 2022 (the "Receivership Motion"),

or to shore up Defendants' long-asserted and unsubstantiated accusations that Plaintiff colluded with

other Glacia investors and even the Receiver for use in other attempted litigation.  The RFPs focus on

the Receivership is indicated by bolding in the table below.  The subject matter of these RFPs is

_____

[3] The allegations in the Receiver Motion were fully supported by accompanying evidence and, notwithstanding their total irrelevance to the Adversary Proceeding, Plaintiff's produced all declarations and exhibits filed in support of the Receiver Motion in December 2022.  *See* Discovery Responses to Interrogatory 5 and RFPs 4, 5, 7 and 11 and Docs ROB0001-ROB390 in the discovery Dropbox provided to Defendants on May 1, 2025:
https://www.dropbox.com/scl/fo/d4l1h9hlan3o3zlx8r9wp/AB_pjSnhTqwpOf4eBbwWF1s?rlkey=rh7hyptnqr09i6cc6eluufzrn&st=7wds7b7q&dl=0.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL– Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ie06q101p2

wholly irrelevant to whether Defendants knowingly and fraudulently made false and material oaths in their personal bankruptcy case or when Roberts learned of the bankruptcy filing. Roberts appropriately objected, as reflected in Exhibit A. Secondarily, many of the RFPs also mischaracterize Plaintiff's allegations in the Adversary Proceeding and ask for documents supporting non-existent allegations by Plaintiff.

| Request for Production (emphasis added). | Fully Responded | Provided Objection |
|---|---|---|
| REQUEST FOR PRODUCTION NO. 1: Produce all statements, documents, invoices, warnings, letters, or any other written communications, including but not limited to e-mails, you received and exchanged with Receiver, Dominique Scalia, and the attorneys and staff from DBS Law **concerning the Receivership Action.** | | X[4] |
| REQUEST FOR PRODUCTION NO. 2: Produce all statements, documents, invoices, warnings, letters, or any other written communications you received and exchanged with any shareholders (including their attorneys, agents, assigns) of Glacia, Inc. | | X[5] |
| REQUEST FOR PRODUCTION NO. 3: Produce all documents and communications to support your allegations of unsubstantiated reimbursements of $303,224.33 from Glacia, Inc to Debtors. | X | |
| REQUEST FOR PRODUCTION NO. 4: Produce all documents and communications to support your allegations that a **Petition for Appointment of General Receiver** Pursuant to RCW 7.60.025 was supported by investors then in existence, including Douglas Backous, Bruce Montgomery, Fred Brown, Carl Grether and Melissa Mulholland. | X | X |

---

[4] Notwithstanding that RFP 1 does not ask for this, Plaintiff provided Defendants a copy of the November 12, 2024 post-discharge email in which the Receiver notified Plaintiff of Defendants' bankruptcy filing. *See* Ex. A at RFP 1 and produced document ROB391.

[5] As noted in Plaintiff's Discovery Responses, the only exception would be any communications advising Plaintiff of the existence of Defendants' bankruptcy filing. No such communications exist and thus, none were produced.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL– Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ie06q101p2

| Request for Production (emphasis added). | Fully Responded | Provided Objection |
|---|---|---|
| REQUEST FOR PRODUCTION NO. 5: Produce all documents and communications to support your allegations **[in the Receivership Petition]** that Craig Rominger had manifested an intention to transfer revenue-producing assets away from Glacia. | X | X |
| REQUEST FOR PRODUCTION NO. 6: Produce all documents and communications to support your allegations **[in the Receivership Petition]** that Glacia was insolvent. | X | X |
| REQUEST FOR PRODUCTION NO. 7: Produce all statements, documents, letters, or any other written communications to support your allegations **[in the Receivership Petition]** that Craig Rominger had failed to provide an accounting of Glacia's use of investor funds. | X | X |
| REQUEST FOR PRODUCTION NO. 8: Produce all documents and communications to support your allegations that Craig Rominger had wrongfully or fraudulently transferred any assets of Glacia. | | X |
| REQUEST FOR PRODUCTION NO. 9: Produce all documents and communications to support your allegations **[in the Receivership Action]** that Rominger had failed and refused to provide the Receiver with the required access to Glacia's books and records. | X | X |
| REQUEST FOR PRODUCTION NO. 10: Produce all documents and communications to support your allegations that Craig Rominger held claims totaling $607,499 against Glacia for unpaid wages and loans from January 1, 2021 to December 12, 2023. | X | |
| REQUEST FOR PRODUCTION NO. 11: Produce all documents and communications to support your allegations related to INTERROGATORY NO. 5. | X | X |
| REQUEST FOR PRODUCTION NO. 12: Produce all documents and communications to support your allegations **[in the Receivership Action]** related to valuation of "[c]laims for improper reimbursement and/or distribution are assets of the company [Glacia] as identified in the Paragraph 21 of your Complaint. | X | |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL– Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ie06q101p2

| Request for Production (emphasis added). | Fully Responded | Provided Objection |
|---|---|---|
| Produce the transcript from the 341 Meeting held on August 19, 2024 as indicated in Paragraphs 46 to 49 of your Complaint. | X | |

## C.    Supplemental Responses

Defendants also take issue with Plaintiff's answers to the following two Interrogatories.  Had a conference taken place as required, the issues could have been addressed at the conference.  Plaintiff provides supplementary information with respect to Interrogatories 2 and 6.

### 1.    Interrogatory No. 2

INTERROGATORY NO. 2. Identify, in particularity, all facts to support your allegation to revoke Debtors' discharge pursuant to 11 U.S.C. 727(d)(1).

[INITIAL] ANSWER:  The facts supporting Plaintiff's action to revoke Defendants' discharge are stated with particularity in Plaintiff's Complaint for Revocation of Discharge Pursuant to 11 U.S.C. 727(d)(1) (the "Discharge Revocation Complaint"), a copy of which was served on Defendants at the commencement of the above-captioned adversary proceeding (the "Discharge Revocation Action").

Since filing the Complaint, Plaintiff has learned that Defendant Craig has filed numerous actions against third parties, seeking damages based upon events that occurred prior to Defendants' bankruptcy case but that were not scheduled as assets.  Therefore, Plaintiff supplements his answer to Interrogatory No. 2 to include the facts set forth in Plaintiff's Motion for Summary Judgment filed on May 1, 2025.  Docket No. 26.  The entirety of the pleadings were mailed to Defendants on May 1, 2025.  Docket No. 38.

### 2.    Interrogatory No. 6

INTERROGATORY NO. 6. What is the final value of Glacia, Inc's stocks held by the Romingers on July 18, 2024?

[INITIAL] ANSWER:   Plaintiff does not know the value of Glacia, Inc.'s stocks held by the Romingers on July 18, 2024, or what "final value" refers to in the context of this Interrogatory

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL– Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ie06q101p2

No. 6.  Notwithstanding the foregoing, Plaintiff is aware that no distribution was made in the Receivership Action to any stockholders, including Plaintiff, on account of stock held in Glacia, Inc. and that there are no remaining assets held by Glacia, Inc. from which any distribution could be generated.

Defendants are correct that Plaintiff has long asserted that Glacia was insolvent, which was one of the bases of the Receivership Motion.  While Plaintiff is not required to respond to questions that were not asked, in this case, Plaintiff will further add to his initial answer that he does not **believe** that Defendants' stock in Glacia, Inc. had any value as of July 18, 2024, despite the fact that the Receiver was still accepting bids for Glacia's assets.

## D.  <u>Unsubstantiated and False Allegations in Compel Motion</u>

Defendant's RFP 13 requested a copy of the written transcript of the 341 meeting.  This was and is Defendants' first and only request for the transcript.  The Compel Motion inexplicably asserts that "Roberts eventually produced the transcript but only after stonewalling in earlier responses." This is flatly and provably false.  The transcript was filed with the Court by Plaintiff in Defendants' bankruptcy case on December 6, 2024, prior to the commencement of the Adversary Proceeding. Docket No. 20-14.  Moreover, Plaintiff's timely Discovery Responses state as follows:

The transcript of the 341 meeting was filed in Defendants' bankruptcy case on December 6, 2024. ECF No. 20-14 and was served on Defendants' bankruptcy counsel of record.  Nonetheless, a copy of the transcript is provided herewith at ROB431-ROB440.

Ex. A. at RFP 13.

The Compel Motion makes numerous assertions with respect to statements allegedly made by Plaintiff in "Receivership Filings" that Defendants assert are inconsistent with Plaintiff's Discovery Responses.  Compel Motion 4:24-5:3 and 5:24-25.  Defendants have not provided any evidence of purportedly inconsistent statements to which Plaintiff can respond.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL– Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ie06q101p2

1

## II.    CONCLUSION

2      Based upon the foregoing, Plaintiff requests that the Court deny the Compel Motion.

3      DATED this 15th day of May, 2025.

4                                          BUSH KORNFELD LLP

5

6                                          By    /s/ Christine M. Tobin-Presser
                                            Christine M. Tobin-Presser, WSBA #27628
7                                          Attorneys for Plaintiff Jonathan Roberts

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO
COMPEL– Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ie06q101p2

# EXHIBIT A

8.    **Complaint.** The word "Complaint" refers to this adversary proceeding, 24–01085–CMA, filed in the United States Bankruptcy Court for the Western District of Washington.

7.    As used in these discovery requests, singular designations include the plural and plural the singular; masculine, feminine, and neuter gender include each other, and past tense includes the present and present the past.

<u>INTERROGATORIES</u>

INTERROGATORY NO. 1. Identify all persons known to you and/or your attorneys that have any knowledge concerning any of the issues in the above-entitled case, including all known contact information for these persons and a brief statement of the information that these persons have or may have.

ANSWER:

| | |
|---|---|
| Craig Rominger<br>7517 150th St SE<br>Snohomish, WA 98296<br>craig.rominger@gmail.com | All aspects of non-disclosure of required information in Bankruptcy Schedules (each, a "Schedule" and together, the "Schedules") and Statement of Financial Affairs ("SOFA") |
| Heidi Rominger<br>7517 150th St SE<br>Snohomish, WA 98296<br>heidi.rominger@gmail.com | All aspects of non-disclosure of required information in Bankruptcy Schedules (each, a "Schedule" and together, the "Schedules") and Statement of Financial Affairs ("SOFA") |
| Richard Symmes<br>Symmes Law Group PLLC<br>1818 Westlake Ave N, Suite 202<br>Seattle, WA 98109<br>Phone: 206-512-8887<br>Email: info@symmeslaw.com | Schedules and SOFA prepared with information supplied by Defendants; Petition, Schedules and SOFA executed by Defendants |
| Joe McIntosh<br>Tomlinson Bomsztyk Russ<br>1000 2nd Ave #3660, Seattle, WA 98104 | Assertions made by Romingers in the Receivership Action |

<u>**ANSWERS AND RESPONSES TO**</u> DEFENDANTS' FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO PLAINTIFF– Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

id03jv0171

| | |
|---|---|
| Phone: (206) 203-8009 | |
| Ronald G. Brown<br>Chapter 7 Trustee<br>Law Office of Ronald G. Brown<br>P.O. Box 2369<br>Kirkland, WA 98083<br>Phone: (425) 522-3649 | Defendants' testimony at the 341 meeting, including that that they held no claims against anyone |
| Dominique Scalia<br>DBS Law<br>155 NE 100th Street, Suite 205<br>Seattle, WA 98125<br>Direct: (206) 489-3818 | Proofs of claim submitted by Craig Rominger in the Receivership Action |
| Jonathan Roberts<br>c/o Christine M. Tobin-Presser<br>Bush Kornfeld LLP<br>601 Union Street, Suite 5000<br>Seattle, WA 98101<br>Phone:  (206) 521-3856 | Timing of receipt of Defendants' discharge |

In addition, the Glacia, Inc. investors belatedly added by Defendants to their bankruptcy schedules would have information regarding the claims scheduled and the notice they received.  These individuals include Bruce Montgomery, Carl Grether, David and Kelly Baugh, Doug Backous, Fred Brown, John Dowdell, Melissa Mulholland and Kirsten Johnson..

INTERROGATORY NO. 2. Identify, in particularity, all facts to support your allegation to revoke Debtors' discharge pursuant to 11 U.S.C. 727(d)(1).

ANSWER:

The facts supporting Plaintiff's action to revoke Defendants' discharge are stated with particularity in Plaintiff's Complaint for Revocation of Discharge Pursuant to 11 U.S.C. 727(d)(1) (the "Discharge Revocation Complaint"), a copy of which was served on Defendants at the commencement of the above-captioned adversary proceeding (the "Discharge Revocation Action").

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

INTERROGATORY NO. 3. Identify the date Craig Rominger was removed from his position as Chief Executive Officer, Chairman of the Board of Directors and/or president of Glacia, Inc.

ANSWER:

> Plaintiff has no knowledge of the date Craig Rominger was removed from his position as Chief Executive Officer, Chairman of the Board of Directors and/or president of Glacia, Inc., or if he was so removed.

INTERROGATORY NO. 4. Identify the date Heidi Rominger was removed from her position as the Secretary of Glacia, Inc.

ANSWER:

> Plaintiff has no knowledge of the date Heidi Rominger was removed from her position as the Secretary of Glacia, Inc., or if she was so removed.

INTERROGATORY NO. 5. In Paragraph 11 of your Complaint, you allege there were revenue-producing assets held by Glacia, Inc. Please identify which Glacia, Inc's assets were producing revenue and identify the total value of those revenue producing assets made during the fiscal years 2020, 2021, and 2022.

ANSWER:

> Objection. Interrogatory No. 5 is not reasonably calculated to lead to the discovery of admissible evidence. The identity of non-debtor Glacia Inc.'s revenue-producing assets, if any, and the amount of revenue those assets were producing at any given time has no bearing on the two issues to be adjudicated in the Discharge Revocation Action, *i.e.*, whether defendants obtained their bankruptcy discharge through fraud, and whether Plaintiff knew of the fraud prior to defendants' receiving their discharge. Additionally, the Interrogatory mischaracterizes Paragraph 11 of the Complaint, which does not allege that "there were revenue producing assets held by Glacia, Inc." Paragraph 11 of the Complaint states in relevant part that *"[t]he bases of the Petition were that* Craig Rominger had manifested an intention to transfer revenue producing assets away from Glacia . . ." (Emphasis added).

**ANSWERS AND RESPONSES TO** DEFENDANTS' FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO PLAINTIFF– Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

id03jv0171

Nonetheless, and without waiving any objection, Plaintiff refers defendants to the following documents setting forth his knowledge and understanding of Glacia's assets and revenue as of December 19, 2022, which documents were filed in Snohomish Count Superior Court (the "Receivership Court") on December 19, 2022, and copies of which were personally served on Defendant Heidi Rominger on December 19, 2022:

1. Petition for Appointment of Receiver Pursuant to RCW 7.60.025,

2. Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

3. Declaration of Jonathan Roberts in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

4. Declaration of Douglas Backous in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

5. Declaration of Bruce Montgomery in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

6. Declaration of Fred Brown in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

7. Declaration of Carl Grether in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025, and

8. Declaration of Melissa Mulholland in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025.

INTERROGATORY NO. 6. What is the final value of Glacia, Inc's stocks held by the Romingers on July 18, 2024?

ANSWER:

Plaintiff does not know the value of Glacia, Inc.'s stocks held by the Romingers on July 18, 2024, or what "final value" refers to in the context of this Interrogatory No. 6. Notwithstanding the foregoing, Plaintiff is aware that no distribution was made in the Receivership Action to any stockholders, including Plaintiff, on account of stock held in Glacia, Inc. and that there are no remaining assets held by Glacia, Inc. from which any distribution could be generated.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

id03jv0171

INTERROGATORY NO. 7. What is the final value of Glacia, Inc's indenture instruments held by the Romingers on July 18, 2024?

ANSWER:

Plaintiff is unaware of any Glacia, Inc. indenture instrument held by the Romingers on July 18, 2024, or at any time.

INTERROGATORY NO. 8. What is the final value of wage claims against Glacia, Inc. held by the Romingers?

ANSWER:

Objection. Interrogatory No. 8 is not reasonably calculated to lead to the discovery of admissible evidence. The final value, if any, of wage claims against Glacia, Inc. asserted by Defendant Craig Rominger (Plaintiff is unaware of any wage claim asserted to be held by Heidi Rominger) is unrelated to the two issues to be adjudicated in the Discharge Revocation Action, *i.e.,* whether Defendants obtained their bankruptcy discharge through fraud, and whether Plaintiff knew of the fraud prior to Defendants receiving their discharge.

Notwithstanding the foregoing, and without waiving any objection, Plaintiff is not aware of any valuation undertaken, at any time or for any purpose, with respect to the wage claim asserted by Craig Rominger against Glacia, Inc., nor does Plaintiff know what Defendants mean by "final value" in the context of Craig Rominger's asserted wage claim. Plaintiff is aware that no distribution was made to any asserted creditor in the Receivership Action, including to Craig Rominger on account of his asserted wage claim.

INTERROGATORY NO. 9. Please explain RPrime Foundation's interest and/or relationship to the Receivership Action.

ANSWER:

RPrime Foundation had no interest in or relationship to the Receivership Action.

INTERROGATORY NO. 10. Have you ever used address 4105 E. Madison St. #200 Seattle, WA 98112? If so, please for what purpose, and identify the period in which you used this address.

**ANSWERS AND RESPONSES TO** DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF– Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

id03jv0171

ANSWER:

Plaintiff has never intentionally, or to his knowledge ever, used the address 4105 E. Madison St., #200 Seattle, WA 98112 for any purpose. RPrime Foundation's business address is 4105 E. Madison St., #210-B, Seattle, WA 98112.

INTERROGATORY NO. 11. Please identify the first day in which you became aware of Defendants' bankruptcy filing.

ANSWER:

Plaintiff does not recall the exact day he became aware of the Defendants' bankruptcy filing but it was after October 24, 2024.

INTERROGATORY NO. 12. Please identify the respective dates of when your legal counsel Bush Kornfeld heard about the Rominger's bankruptcy filing, Case No. 24-11790-CMA, and when Bush Kornfeld first accessed the electronic docket in bankruptcy filing, Case No. 24-11790-CMA

ANSWER:

Bush Kornfeld LLP was made aware of the Romingers' bankruptcy filing on November 13, 2024 and accessed the bankruptcy docket for the first time shortly thereafter.

INTERROGATORY NO. 13. Please identify all information that you believe was improperly omitted by the Defendants in their bankruptcy schedules (each, a "Schedule") and statement of financial affairs (the "SOFA").

ANSWER:

The improperly omitted information of which Plaintiff has knowledge is included in the Discharge Revocation Complaint that were served on Defendants. Additionally, Defendant Craig Rominger has previously asserted claims in his personal capacity against Plaintiff. No such claims were identified in Schedule B. Plaintiff believes that such claims are meritless but if Defendants believe they hold such claims, they should have been scheduled. Plaintiff is also aware that Defendant Craig Rominger has filed actions in Snohomish County Superior Court

**ANSWERS AND RESPONSES TO** DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF– Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

id03jv0171

against Chad Goodwin and Doug Backous based upon activity that occurred prior to Defendants' bankruptcy filing and thus, should have been disclosed in the Debtors' Schedule B. Plaintiff is also aware the Defendant Craig Rominger has sent letters to Glacia Investors that supported the appointment of a receiver over Glacia, Inc. asserting claims arising from activities preceding his bankruptcy case. If the Defendants believe they hold such claims, they should have been scheduled.

INTERROGATORY NO. 14. Please identify what you believe to be the value of all the above omitted assets or claims indicated in response to Interrogatory No. 13 on or about October 8, 2024.

ANSWER:

Objection. Interrogatory No. 14 is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's belief as to the value of the assets omitted by the Defendants in their Schedules and Statement of Financial Affairs on the date Defendants received their discharge (October 8, 2024), has no bearing on the two issues to be adjudicated in the Discharge Revocation Action, *i.e.*, whether Defendants obtained their bankruptcy discharge through fraud, and whether Plaintiff knew of the fraud prior to Defendants receiving their discharge.

Additionally, it is unclear to what Interrogatory No. 14 is referring when it asks for Plaintiff's belief as to the "value of . . . omitted . . . claims." Omitted claims against Defendants would represent liabilities to the Defendants (negative value), while they would represent affirmative value to the claimants, which value would be dependent on multiple unknown factors, including costs of collection and ultimate collectability.

Notwithstanding the foregoing, and without waiving any objection, Plaintiff does not believe that Defendants' stock in Glacia had any value as of October 8, 2024. Plaintiff is unaware of whether Craig Rominger was entitled to any wages from Glacia, Inc. Plaintiff does not believe that the claims asserted against third parties relating to Glacia that Debtors failed to disclose have any value. Plaintiff does not believe that Defendants' undisclosed officer positions with Glacia, Inc. had any direct monetary value on October 8, 2024 or on any other date. Plaintiff believes that he, as the successor to Glacia, Inc., holds substantial claims against Defendants for, among other things, their misuse of Glacia's funds and that those claims existed as of October 8, 2024. Plaintiff does not know and has no belief as to the value of those claims on October 8, 2024 or at any specific time, as that would depend upon multiple unknown variables including, but not limited to, costs of collection and the value of Defendants' assets (which Plaintiff does not believe Defendants have fully disclosed) for purposes of ultimate collectability. Plaintiff has formed no belief with respect to the claims that may be held by third parties that were not initially scheduled by Defendants.

**ANSWERS AND RESPONSES TO** DEFENDANTS' FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO PLAINTIFF– Page 12

id03jv0171

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 24-01085-CMA    Doc 53    Filed 05/15/25    Ent. 05/15/25 12:31:40    Pg. 18 of 27

INTERROGATORY NO. 15. Other than incurring attorney's fees, identify all compensable damages you believe were caused to you by the non-disclosure of the above omitted assets or claims indicated in response to Interrogatory No. 13.

ANSWER:

Objection. Interrogatory No. 15 is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's belief as to the compensable damages that were caused to him as a result of Defendants failure to disclose assets or to schedule claims has no bearing on the two issues to be adjudicated in the Discharge Revocation Action, *i.e.,* whether Defendants obtained their bankruptcy discharge through fraud, and whether Plaintiff knew of the fraud prior to Defendants receiving their discharge.

Notwithstanding the foregoing, and without waiving any objection, Plaintiff is not required to prove and thus, has not formed a belief as to the amount of compensable damages that may have been caused to him by Defendants' non-disclosure of assets, or of Defendants' failure to initially schedule claims held by Glacia, Inc. and/or himself, or to give Plaintiff notice of the same. Plaintiff is not aware of and has formed no belief as to the damages that were caused to him as a result of Defendants' failure to list claims asserted by third parties against them.

INTERROGATORY NO. 16. Concerning the information that you believe was improperly omitted by the Defendants in their bankruptcy Schedules or SOFA, please identify whether these items were similarly not disclosed in the parallel Receivership Action.

ANSWER:

Objection. Interrogatory No. 16 incorrectly assumes that the Receivership Action required or provided a mechanism for disclosure by the Defendants' of their personal assets, obligations and/or corporate relationships. Glacia, Inc., not the Defendants, was the entity in receivership and the Defendants' assets, claims and corporate relationships were not subject to disclosure requirements in the Receivership Action.

Notwithstanding the foregoing, Defendants' officer positions and stock ownership, and Craig Rominger's asserted wage claim were directly or indirectly identified or referenced in various pleadings and exhibits Defendants caused to be filed in the Receivership Action.

**ANSWERS AND RESPONSES TO** DEFENDANTS' FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO PLAINTIFF– Page 13

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

id03jv0171

INTERROGATORY NO. 17. Identify all phone calls you or Bush Kornfeld had with Receiver Dominique Scalia relating in any way to the parallel Receivership Action.

ANSWER:

> Objection. Interrogatory No. 17 is not reasonably calculated to lead to the discovery of admissible evidence. The existence of telephone calls between Plaintiff and/or his counsel, and the Receiver relating to the fully administered and terminated Receivership Action of non-debtor Glacia, Inc. that spanned from December 2022 to November 2024 has no bearing on the two issues to be adjudicated in the Discharge Revocation Action, *i.e.,* whether Defendants obtained their bankruptcy discharge through fraud, and whether Plaintiff knew of the fraud prior to Defendants receiving their discharge.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: Produce all statements, documents, invoices, warnings, letters, or any other written communications, including but not limited to e-mails, you received and exchanged with Receiver, Dominique Scalia, and the attorneys and staff from DBS Law concerning the Receivership Action.

RESPONSE:

> Objection. The documents sought by Request No. 1 are not reasonably calculated to lead to the discovery of admissible evidence. Communications between Plaintiff and the Receiver concerning the Receivership Action of non-debtor, Glacia, Inc., that spanned from December 2022 to November 2024 have no bearing on the two issues to be adjudicated in the Discharge Revocation Action, *i.e.,* whether defendants obtained their bankruptcy discharge through fraud, and whether Plaintiff knew of the fraud prior to defendants' receiving their discharge. Notwithstanding the foregoing, please see ROB391 produced herewith.

REQUEST FOR PRODUCTION NO. 2: Produce all statements, documents, invoices, warnings, letters, or any other written communications you received and exchanged with any shareholders (including their attorneys, agents, assigns) of Glacia, Inc.

RESPONSE:

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Objection. With the exception of communications, if any, relating to Plaintiff's discovery of the existence of Defendants' bankruptcy proceeding and discharge, of which there are none, the documents sought by this Request are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's communications with shareholders of non-debtor Glacia, Inc. are unrelated to the two issues to be adjudicated in the Discharge Revocation Action, *i.e.,* whether defendants obtained their bankruptcy discharge through fraud, and whether Plaintiff knew of the fraud prior to defendants' receiving their discharge.

REQUEST FOR PRODUCTION NO. 3: Produce all documents and communications to support your allegations of unsubstantiated reimbursements of $303,224.33 from Glacia, Inc to Debtors.

RESPONSE:

Please see documents ROB392-ROB430 produced herewith.

REQUEST FOR PRODUCTION NO. 4: Produce all documents and communications to support your allegations that a Petition for Appointment of General Receiver Pursuant to RCW 7.60.025 was supported by investors then in existence, including Douglas Backous, Bruce Montgomery, Fred Brown, Carl Grether and Melissa Mulholland.

RESPONSE:

Objection. The documents sought by Request No. 4 are not reasonably calculated to lead to the discovery of admissible evidence. Whether or not Plaintiff's December 19, 2022 Petition for Appointment of General Receiver Pursuant to RCW 7.60.025 was supported by investors then in existence has no bearing on the two issues to be adjudicated in the Discharge Revocation Action, *i.e.,* whether defendants obtained their bankruptcy discharge through fraud, and whether Plaintiff knew of the fraud prior to defendants' receiving their discharge.

Nonetheless, and without waiving his objection, Plaintiff refers Defendants to the following documents filed in the Receivership Action on December 19, 2022, produced herewith ROB001-ROB390, all of which were personally served on Heidi Rominger on December 19, 2022:

1. Declaration of Jonathan Roberts in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

2. Declaration of Douglas Backous in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

ANSWERS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF– Page 15

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

id03jv0171

3. Declaration of Bruce Montgomery in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

4. Declaration of Fred Brown in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

5. Declaration of Carl Grether in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025, and

6. Declaration of Melissa Mulholland in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025.

**REQUEST FOR PRODUCTION NO. 5**: Produce all documents and communications to support your allegations that Craig Rominger had manifested an intention to transfer revenue-producing assets away from Glacia.

RESPONSE:

Objection. The documents sought by Request No. 5 are not reasonably calculated to lead to the discovery of admissible evidence. Whether or not Craig Rominger had manifested an intention to transfer revenue-producing assets away from Glacia, Inc. has no bearing on the two issues to be adjudicated in the Discharge Revocation Action, *i.e.,* whether defendants obtained their bankruptcy discharge through fraud, and whether Plaintiff knew of the fraud prior to defendants receiving their discharge. Moreover, Request No. 5 mischaracterizes the Discharge Revocation Complaint. Paragraph 11 of the Discharge Revocation Complaint states in relevant part that *"[t]he bases of the Petition [to appoint the Receiver]* were that Craig Rominger had manifested an intention to transfer revenue producing assets away from Glacia . . ."* (Emphasis added).

Nonetheless, and without waiving any objection, Plaintiff directs Defendants to the Receivership Court's March 2, 2023 Order on Revision in which the Receivership Court found that "the evidence in the record shows that Rominger planned to transfer at least one asset of Glacia (the intellectual property) to a separate entity," as well as the following documents produced herewith as ROB001-ROB390, which were filed in the Receivership Action on December 19, 2022 and which were served on Heidi Rominger on December 19, 2022:

1. Petition for Appointment of Receiver Pursuant to RCW 7.60.025,

2. Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

**ANSWERS AND RESPONSES TO** DEFENDANTS' FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO PLAINTIFF– Page 16

id03jv0171

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

3.  Declaration of Jonathan Roberts in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

4.  Declaration of Douglas Backous in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

5.  Declaration of Bruce Montgomery in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

6.  Declaration of Fred Brown in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

7.  Declaration of Carl Grether in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025, and

8.  Declaration of Melissa Mulholland in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025.

**REQUEST FOR PRODUCTION NO. 6**: Produce all documents and communications to support your allegations that Glacia was insolvent.

RESPONSE:

Objection. The documents sought by this Request No. 6 are not reasonably calculated to lead to the discovery of admissible evidence. Whether Glacia, Inc. was insolvent at any given time has no bearing on the two issues to be adjudicated in the Discharge Revocation Action, *i.e.,* whether defendants obtained their bankruptcy discharge through fraud, and whether Plaintiff knew of the fraud prior to defendants' receiving their discharge. Moreover, this Request mischaracterizes the Discharge Revocation Complaint. Paragraph 11 of the Discharge Revocation Complaint states in relevant part that *"[t]he bases of the Petition [to appoint the Receiver]* were that . . . Glacia was insolvent." (Emphasis added).

Nonetheless, and without waiving his objection, Plaintiff refers Defendants to the Receivership Court's December 12, 2023 Order Expanding Role of Receiver to General Receiver Pursuant to RCW § 7.60.025 in which the Receivership Court specifically found that Glacia, Inc. was insolvent (ROB411-ROB425 produced herewith), which was emailed by the Receivership Court to Craig Rominger and Plaintiff on December 12, 2023.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

id03jv0171

**REQUEST FOR PRODUCTION NO. 7:** Produce all statements, documents, letters, or any other written communications to support your allegations that Craig Rominger had failed to provide an accounting of Glacia's use of investor funds.

RESPONSE:

Objection. The documents sought by this Request are not reasonably calculated to lead to the discovery of admissible evidence. Whether or not Craig Rominger had failed to provide an accounting of non-debtor Glacia's use of investor funds has no bearing on the two issues to be adjudicated in the Discharge Revocation Action, *i.e.,* whether defendants obtained their bankruptcy discharge through fraud, and whether Plaintiff knew of the fraud prior to defendants receiving their discharge. Moreover, this Request mischaracterizes the Discharge Revocation Complaint. Paragraph 11 of the Discharge Revocation Complaint states in relevant part that *"[t]he bases of the Petition [to appoint the Receiver]* were that . . . Craig Rominger had failed to provide an accounting of Glacia's use of investor funds. (Emphasis added).

Nonetheless, and without waiving any objection, Plaintiff directs Defendants to the following documents filed in the Receivership Action on December 19, 2022 and produced herewith as ROB001-ROB390, which documents were served on Heidi Rominger on December 19, 2022:

1.     Petition for Appointment of Receiver Pursuant to RCW 7.60.025,

2.     Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

3.     Declaration of Jonathan Roberts in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

4.     Declaration of Douglas Backous in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

5.     Declaration of Bruce Montgomery in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

6.     Declaration of Fred Brown in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

7.     Declaration of Carl Grether in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025, and

8.     Declaration of Melissa Mulholland in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025.

**ANSWERS AND RESPONSES TO** DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF– Page 18

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

id03jv0171

<u>**REQUEST FOR PRODUCTION NO. 8**</u>: Produce all documents and communications to support your allegations that Craig Rominger had wrongfully or fraudulently transferred any assets of Glacia.

RESPONSE:

Objection. The Request for Production is vague as it does not specify the allegations in the Discharge Revocation Complaint to which it refers. There is no allegation specifically stating that Craig Rominger had "wrongfully or fraudulently transferred" assets.

<u>**REQUEST FOR PRODUCTION NO. 9**</u>: Produce all documents and communications to support your allegations that Rominger had failed and refused to provide the Receiver with the required access to Glacia's books and records.

RESPONSE:

Objection. The documents sought by Request No. 9 are not reasonably calculated to lead to the discovery of admissible evidence. Whether or not Craig Rominger failed and refused to provide the Receiver with required access to non-debtor Glacia's books and records has no bearing on the two issues to be adjudicated in the Discharge Revocation Action, *i.e.,* whether defendants obtained their bankruptcy discharge through fraud, and whether Plaintiff knew of the fraud prior to defendants receiving their discharge. Moreover, Request No. 9 mischaracterizes the Discharge Revocation Complaint. Paragraph 18 of the Discharge Revocation Complaint states in relevant part that *"[t]he Second Interim Report described, among other things, that Craig Rominger had failed and refused to provide the Receiver the required access to Glacia's books and records."* (Emphasis added).

Nonetheless, and without waiving any objection, Plaintiff refers Defendants to the Receiver's Second Interim Report produced herewith as ROB411-ROB430 which was emailed to all parties, including Craig Rominger, by the Receiver on April 4, 2023 (redacted) and which was filed with the Receivership Court on October 23, 2023, as well as filed in the Receivership Action.

<u>REQUEST FOR PRODUCTION NO. 10</u>: Produce all documents and communications to support your allegations that Craig Rominger held claims totaling $607,499 against Glacia for unpaid wages and loans from January 1, 2021 to December 12, 2023.

<u>**ANSWERS AND RESPONSES TO**</u> DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF– Page 19

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

id03jv0171

RESPONSE:

Roberts has not asserted that Craig Rominger held claims of any amount against Glacia, Inc. and thus, there are no responsive documents to this Request.

REQUEST FOR PRODUCTION NO. 11: Produce all documents and communications to support your allegations related to INTERROGATORY NO. 5.

RESPONSE:

Please see objection to Interrogatory No. 5. Notwithstanding the foregoing, please see documents ROB001-ROB390 produced herewith, which documents were filed with the Receivership Court on December 19, 2022, and copies of which were personally served on Defendant Heidi Rominger on December 19, 2022:

1.  Petition for Appointment of Receiver Pursuant to RCW 7.60.025,

2.  Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

3.  Declaration of Jonathan Roberts in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

4.  Declaration of Douglas Backous in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

5.  Declaration of Bruce Montgomery in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

6.  Declaration of Fred Brown in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025,

7.  Declaration of Carl Grether in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025, and

8.  Declaration of Melissa Mulholland in Support of Motion for Appointment of Receiver Pursuant to RCW 7.60.025.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

id03jv0171

**REQUEST FOR PRODUCTION NO. 12**: Produce all documents and communications to support your allegations related to valuation of "[c]laims for improper reimbursement and/or distribution are assets of the company [Glacia] as identified in the Paragraph 21 of your Complaint.

RESPONSE:

Plaintiff does not have responsive documents to this RFP.

**REQUEST FOR PRODUCTION NO. 13**: Produce the transcript from the 341 Meeting held on August 19, 2024 as indicated in Paragraphs 46 to 49 of your Complaint.

RESPONSE:

The transcript of the 341 meeting was filed in Defendants' bankruptcy case on December 6, 2024. ECF No. 20-14 and was served on Defendants' bankruptcy counsel of record. Nonetheless, a copy of the transcript is provided herewith at ROB431-ROB440.

### CR 26 ATTORNEY CERTIFICATION

The undersigned attorney for Plaintiff has read the foregoing Answers to Interrogatories and certifies that they comply with Federal Rules of Civil Procedure 26 through 37.

DATED this 30th day of April, 2025.

*Christine M. Tobin-Presser*

By _____
Christine M. Tobin-Presser, WSBA #27628
Attorneys for Plaintiff Jonathan Roberts

**ANSWERS AND RESPONSES TO** DEFENDANTS' FIRST
SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO PLAINTIFF-- Page 21

id03jv0171

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104