1
2
3
4
5
6
7
8

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 7 |
| CRAIG CLINTON ROMINGER and HEIDI KAY ROMINGER,<br><br>          Debtors. | No. 24-11790-CMA |
| JONATHAN ROBERTS, an individual,<br><br>          Plaintiff,<br><br>v.<br><br>CRAIG CLINTON ROMINGER and HEIDI KAY ROMINGER,<br><br>          Defendants. | Adversary Case No. 24-01085-CMA<br><br>PRETRIAL ORDER |

## **JURISDICTION**

Jurisdiction is vested in this court by virtue of: 28 U.S.C. §§ 157(j) and 1334(b).

## **CLAIMS AND DEFENSES**

**A.** **Claims**

The plaintiff will pursue at trial a claim for revocation of discharge pursuant to 11 U.S.C.

§ 727(d)(1).

PRETRIAL ORDER– Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**B.** **Defenses**

The defendant will assert the following defenses at trial provided, however, that Plaintiff does not agree that Items 5-8 constitute valid defenses to an action under Bankruptcy Code § 727(d)(1):

1.     The plaintiff is not a creditor with the right to bring a motion to revoke the debtors' bankruptcy discharge under the specific section of the Bankruptcy Code § 727(d) including because (a) the law requires the plaintiff to have held the claim at the time of the debtors' bankruptcy filing, which he did not, (b) the plaintiff's claims were acquired through a credit bid after the debtors' initial bankruptcy filing, and the value of the claims was not stated at the time of purchase.

2.     The plaintiff lacks standing to bring this action because any potential claim is speculative and was denied by the receivership and thus, plaintiff is not a 'party in interest' with a valid claim against the defendants.

3.     The Defendants did not act with fraudulent intent in their bankruptcy case. Instead:

- Their conduct in the bankruptcy case constitutes a good faith effort to comply with the law.
- They made all decisions based on the information available to them at the time.
- Their voluntary amendment of the bankruptcy filing to include the Glacia, Inc. claims demonstrates good faith and a willingness to cooperate, and it is not evidence of a fraudulent intent to conceal assets.

4.     Defendants' misstatements or omissions, if any, were not material to the administration of the bankruptcy estate.

5.     Plaintiff, with full knowledge of the facts, has waived or is estopped from bringing this motion to revoke discharge by his prior actions or inactions including that from the date of purchase

PRETRIAL ORDER– Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ih19n901z8

(October 8, 2024) until the motion was filed (December 6, 2024), the plaintiff took no action to enforce or value these claims.

      6.      The plaintiff does not have an actual, concrete injury that the court can remedy, thereby challenging the plaintiff's Article III standing, a constitutional requirement for all federal lawsuits.

      7.      Plaintiff cannot demonstrate that any creditor was harmed by the alleged omissions.

      8.      Plaintiff did not rely on the debtors' initial bankruptcy filings to his detriment.

## ADMITTED FACTS

The following facts are admitted by the parties:

| | Admitted Fact | Dispute | Admissibility Objection by |
|---|---|---|---|
| 1. | Defendants founded Glacia, Inc. ("Glacia"). | | |
| 2. | Glacia was originally incorporated in Minnesota. | | |
| 3. | In June 2021, Glacia's state of incorporation was changed to Delaware. | | |
| 4. | Glacia's state of incorporation was not changed after June 2021. | | |
| 5. | Craig Rominger was the Chief Executive Officer and President of Glacia through at least December 11, 2023. | | |
| 6. | Heidi Rominger was the Secretary of Glacia through at least December 11, 2023. | | |
| 7. | As of December 11, 2023, Defendants collectively held a majority of Glacia's outstanding stock. | | |
| 8. | On August 30, 2022, Roberts, through counsel, requested access to all financial books and records of Glacia and its subsidiaries (the "Section 220 Request"). | | |
| 9. | The Section 220 Request was purportedly made pursuant to 8 Delaware Code Section 220. | | |

PRETRIAL ORDER– Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | Admitted Fact | Dispute | Admissibility Objection by |
|---|---|---|---|
| 10. | On November 27, 2022, Paul Benedetto of Glacia provided documents to Roberts' counsel responding to the Section 220 Request. | | |
| 11. | On December 19, 2022, Roberts filed a Motion for Appointment of General Receiver Pursuant to RCW 7.60.025. | | |
| 12. | In March 2023, the Snohomish County Superior Court (the "Receivership Court") appointed Dominique Scalia ("Scalia") as the receiver (the "Receiver") over Glacia for limited purposes. | | |
| 13. | The Benedetto Declaration states that Mr. Benedetto served as a financial consulting contractor for Glacia beginning in September 2022. | | P – Hearsay<br>P – Relevance |
| 14. | The Benedetto Declaration states that "[h]aving reviewed Glacia's underlying financial data, I can attest that the financial accounting reporting looks proper, accurate and complete for the periods prepared to date." | | P – Hearsay<br>P – Relevance |
| 15. | On June 8, 2023, the Receiver issued a document entitled "First Interim Report." | | |
| 16. | The First Interim Report does not make any reference to any claims held by Defendant Craig Rominger. | | P – Relevance |
| 17. | On August 4, 2023 the Receiver issued a document entitled "Second Interim Report." | | |
| 18. | The balance sheet attached to the Second Interim Report (the "Second Report Balance Sheet") identifies Accrued Wages Payable in the amount of $416,666.60. | | |
| 19. | The Second Report Balance Sheet identifies a $100,000 Convertible Note Payable to C. Rominger. | | |
| 20. | The Second Interim Report represented that the Receiver was unable to determine whether certain reimbursements characterized as business expenses were proper. | | |

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | Admitted Fact | Dispute | Admissibility Objection by |
|---|---|---|---|
| 21. | On August 9, 2023 Jonathan Roberts ("Roberts") filed a Motion to Compel Glacia/Rominger to Comply with Order Appointing Receiver and Confirming Receiver's Subpoena Authority (the "Motion to Compel"). | | |
| 22. | The Motion to Compel states at 3:21 that "Claims for improper reimbursement and/or distribution are assets of the company. . ." | | |
| 23A. | Receivership Court enters Order Denying Without Prejudice Motion to Compel Glacia/Rominger to Comply With Order Appointing Receiver and Confirming Receiver's Subpoena Authority | | |
| 23. | Defendant Craig Rominger asserted in the Receivership that certain convertible promissory notes executed by Glacia in favor of Plaintiff were not valid or enforceable. | | P – Relevance |
| 24. | The Receivership Court did not adjudicate the validity or enforceability of Plaintiff's convertible notes. | | P- Relevance |
| 25. | On September 18, 2023, the Receiver issued a document entitled "Third and Final Report." | | |
| 26. | The Third and Final Report does not specifically identify any claims held by Defendant Craig Rominger against Glacia. | | P – Relevance |
| 27. | On October 5, 2023, Plaintiff filed a Petition for Protection Order in King County Superior Court, Case No. 23-2-15262-0 (the "Roberts Protection Order Action"). | | |
| 28. | The Roberts Protection Order Action was and is a matter of public record. | | |
| 29. | The Roberts Protection Order Action does not constitute an asset of Defendants. | | P- Relevance |
| 30. | On December 12, 2023, the Receivership Court entered an Order Expanding Role of Receiver to General Receiver Pursuant to RCW § 7.60.025 (the "Receivership Order"). | | |

PRETRIAL ORDER– Page 5

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | Admitted Fact | Dispute | Admissibility Objection by |
|---|---|---|---|
| 31. | Pursuant to the Paragraph 8.a of the Receivership Order, the Receiver was vested with authority to sell all of Glacia's assets. | | |
| 32. | On December 22, 2023, the Receiver filed a Motion to Employ Pivotal Services ("Pivotal") to, among other things, review Glacia's financial records. | | |
| 33. | On December 22, 2023, the Receivership Court entered an order authorizing the Receiver's employment of Pivotal. | | |
| 34. | On February 20, 2024, Craig Rominger executed a Proof of Claim (the "Wage Claim"). | | |
| 35. | The Wage Claim asserts that Defendant Craig Rominger was owed $503,499 for unpaid wages, salaries and commissions for Management/CEO services he performed from January 1, 2021 to December 12, 2023. | | |
| 36. | Defendant Craig Rominger submitted the Wage Claim to the Receiver on or about February 20, 2024. | | |
| 37. | On February 20, 2024, Craig Rominger executed a second Proof of Claim (the "Loan Claim"). | | |
| 38. | The Loan Claim asserts that Defendant Craig Rominger was owed $100,000 in principal and $4,000 in interest as of December 12, 2023, for monies he loaned to Glacia in December 2021 and February 2022. | | |
| 39. | Defendant Craig Rominger submitted the Loan Claim to the Receiver on or about February 20, 2024 | | |
| 40. | On June 25, 2024 the Receiver transmitted an email to Defendant Heidi Rominger (the "June 25 Email"). | | |
| 41. | In the June 25 Email, the Receiver advised Defendant Heidi Rominger that the Glacia assets the Receiver intended to sell would include any Commercial Tort Claims held by Glacia. | | |

PRETRIAL ORDER– Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | Admitted Fact | Dispute | Admissibility Objection by |
|---|---|---|---|
| 42. | In the June 25 Email, the Receiver further advised Defendant Heidi Rominger that Glacia investors had alleged that Glacia held claims against Glacia's principal related to the handling of company funds (the "Investor Asserted Claims"). | | |
| 43. | On June 25, 2024, Defendant Heidi Rominger forwarded the Receiver's June 25 Email to Craig Rominger. | | |
| 44. | On July 18, 2024 (the "Petition Date"), Defendants caused their Chapter 7 bankruptcy case (the "Bankruptcy Case") to be initiated through the filing of a petition, schedules (each, a Bankruptcy Schedule) and statement of financial affairs (the "SOFA"). | | |
| 45. | Defendant Craig Rominger authorized his signature to be affixed to the petition, Schedules and SOFA. | | |
| 46. | Defendant Craig Rominger read each of the petition, Schedules and SOFA before authorizing his signature thereon. | | |
| 47. | Defendant Craig Rominger authorized his signature to be affixed to the petition, Schedules and SOFA. | | |
| 48. | A Certificate of Credit Counseling was filed with the Bankruptcy Court as to Defendant Heidi Rominger on the Petition Date. | | P-Relevance |
| 49. | A Certificate of Credit Counseling was filed with the Bankruptcy Court as to Defendant Craig Rominger on the Petition Date. | | P-Relevance |
| 50. | Bankruptcy Schedule B has at all times represented that Defendants did not own stock in any company as of the Petition Date. | | |
| 51. | Bankruptcy Schedule B has never included the Wage Claim. | | |
| 52. | Bankruptcy Schedule B has never included the Loan Claim. | | |
| 53. | Bankruptcy Schedule B has never included any claims held by either Defendant against Jonathan Roberts as of the Petition Date. | | |

PRETRIAL ORDER– Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ih19n901z8

| | Admitted Fact | Dispute | Admissibility Objection by |
|---|---|---|---|
| 54. | Bankruptcy Schedule B has never included any claims held by either Defendant against Chad Goodwin as of the Petition Date. | | |
| 55. | Bankruptcy Schedule B has never included claims held by either Defendant against Douglas Backous as of the Petition Date. | | |
| 56. | Bankruptcy Schedule B has never included any claims held by either Defendant against John Dowdell as of the Petition Date. | | |
| 57. | Bankruptcy Schedule B has never included any claims held by either Defendant against Kristen Johnson as of the Petition Date. | | |
| 58. | Bankruptcy Schedule B has never included any claims held by either Defendant against Carl Grether as of the Petition Date. | | |
| 59. | Bankruptcy Schedule B has never included any legal retainer held by the firm of Tomlinson Bomsztyk Russ as of the Petition Date. | | |
| 60. | Bankruptcy Schedule E/F as originally filed did not identify any claims, disputed or otherwise, held by Roberts, against either of the Defendants, as of the Petition Date. | | |
| 61. | Bankruptcy Schedule E/F as originally filed did not identify any claims, disputed or otherwise, held by Glacia against either of the Defendants as of the Petition Date. | | |
| 62. | Bankruptcy Schedule E/F as originally filed did not identify any claims, disputed or otherwise, held by the Receiver against either of the Defendants as of the Petition Date. | | |
| 63. | Bankruptcy Schedule E/F as originally filed did not identify any claims, disputed or otherwise, held by Bruce Montgomery ("Montgomery"), an investor in Glacia, against either of the Defendants as of the Petition Date. | | |
| 64. | Bankruptcy Schedule E/F as originally filed did not identify any claims, disputed or otherwise, held by Carl Grether ("Grether"), an investor in Glacia, against either of the Defendants as of the Petition Date. | | |

PRETRIAL ORDER– Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ih19n901z8

| | Admitted Fact | Dispute | Admissibility Objection by |
|---|---|---|---|
| 65. | Bankruptcy Schedule E/F as originally filed did not identify any claims, disputed or otherwise, held by David and Kelly Baugh (the "Baughs"), investors in Glacia, against either of the Defendants as of the Petition Date. | | |
| 66. | Bankruptcy Schedule E/F as originally filed did not identify any claims, disputed or otherwise, held by Douglas Backous ("Backous"), an investor in Glacia, against either of the Defendants as of the Petition Date. | | |
| 67. | Bankruptcy Schedule E/F as originally filed did not identify any claims, disputed or otherwise, held by Fred Brown ("Brown"), an investor in Glacia, against either of the Defendants as of the Petition Date. | | |
| 68. | Bankruptcy Schedule E/F as originally filed did not identify any claims, disputed or otherwise, held by John Dowdell ("Dowdell"), an investor in Glacia, as of the Petition Date. | | |
| 69. | Bankruptcy Schedule E/F as originally filed did not identify any claims, disputed or otherwise, held by Melissa Mulholland ("Mulholland"), an investor in Glacia, as of the Petition Date. | | |
| 70. | Bankruptcy Schedule E/F as originally filed did not identify any claims, disputed or otherwise, held by Kristen Johnson ("Johnson"), an investor in Glacia, as of the Petition Date. | | |
| 71. | Bankruptcy Schedule E/F has never identified any claims, disputed or otherwise, held by Carlos Gil ("Gil"), an investor in Glacia, as of the Petition Date. | | |
| 72. | Bankruptcy Schedule E/F has never identified any claims, disputed or otherwise, held by Joel Ruhoff ("Ruhoff"), an investor in Glacia, as of the Petition Date. | | |
| 73. | In their SOFA, Defendants have never identified Glacia as a business in which they had held stock in the four years preceding their Bankruptcy Case. | | |
| 74. | In their SOFA as originally filed, Defendants did not identify Glacia as a business in which either of them had held officer positions within the four years preceding their Bankruptcy Case. | | |

PRETRIAL ORDER– Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | Admitted Fact | Dispute | Admissibility Objection by |
|---|---|---|---|
| 75. | On December 20, 2023, Defendant Craig Rominger caused Limited Liability Articles of Organization with respect to Savage Desserts LLC to be filed with the Wyoming Secretary of State. | | |
| 76. | In their SOFA, Defendants did not identify Savage Desserts LLC as a business in which they owned 5% or more of the voting or equity securities within the four years preceding their Bankruptcy Case. | | |
| 77. | In their SOFA, Defendants did not identify a business with the name of Savage Desserts LLC as a business in which either was a member within the four years preceding their Bankruptcy Case. | | |
| 78. | In their SOFA, Defendants did not identify a business with the name of Savage Desserts LLC as a business in which either of them was an officer or managing executive within the four years preceding their Bankruptcy Case. | | |
| 79. | In May 2020, Freestyle Entertainment LLC was formed as a Washington Limited Liability Company. | | |
| 80. | Defendant Craig Rominger was a managing member of Freestyle Entertainment LLC. | | |
| 81. | Freestyle Entertainment LLC was voluntarily dissolved effective June 3, 2023. | | |
| 82. | In their SOFA, Defendants did not identify or disclose Freestyle Entertainment LLC as a business in which Defendant Craig Rominger was a managing member within the four years prior preceding their Bankruptcy Case. | | |
| 83. | In their SOFA, Defendants did not identify or disclose *Roberts v. Rominger*, King County Superior Court Case No. 23-2-15262-0, as an action to which Defendant Craig Rominger had been a party in the year prior to their Bankruptcy Case. | | |

PRETRIAL ORDER– Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ih19n901z8

| | Admitted Fact | Dispute | Admissibility Objection by |
|---|---|---|---|
| 84. | On July 19, 2024, the Bankruptcy Court issued a notice (the "No Claim Notice") stating in relevant part:<br><br>"No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline." | | |
| 85. | The Bankruptcy Court Clerk has never sent a notice to creditors telling them that they may file a proof of claim. | | |
| 86. | Plaintiff never filed a proof of claim in the Bankruptcy Case. | | |
| 87. | On August 19, 2024, Defendants appeared and testified by video, under oath, at the Section 341 meeting of creditors in their Bankruptcy Case (the "341 Meeting"). | | |
| 88. | Defendant Craig Rominger testified at the 341 Meeting that he did not hold claims against anyone. | | |
| 89. | Defendant Heidi Rominger testified at the 341 Meeting that she did not hold claims against anyone. | | |
| 90. | Each of the Defendants testified at the 341 Meeting that they had listed all of their assets and all of their debts in their Bankruptcy Schedules. | | |
| 91. | On August 20, 2024, a Motion to Remove Receiver for Cause (the "August 20 Pleading") was filed by attorney Joseph McIntosh on behalf of Defendant Craig Rominger in the Receivership. | | |
| 92. | The August 20, Motion stated that Defendant Craig Rominger, along with others werea creditor of the Receivership estate with a potential monetary interest in the proceeds of the sale of Receivership assets. | | |
| 93. | Gil submitted a declaration in support of the August 20 Pleading identifying himself as an investor in Glacia. | | |
| 94. | Ruhoff submitted a declaration in support of the August 20 Pleading identifying himself as an investor in Glacia. | | |

PRETRIAL ORDER– Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | | Admitted Fact | Dispute | Admissibility Objection by |
|---|---|---|---|---|
| | 95. | On August 23, 2024, the Chapter 7 Trustee issued Report of No Distribution stating in relevant part as follows:<br><br>"I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law." | | |
| | 96. | On August 23, 2024, the Receiver filed a Motion to Approve Credit bid and Approve Bid Procedures (the "Bid Procedures Motion"). | | |
| | 97. | The Bid Procedures Motion sought court approval of Roberts' credit bid in the form of an Asset Purchase Agreement (the "APA"). | | |
| | 98. | A copy of the APA was filed with the Bid Procedures Motion. | | |
| | 99. | The APA provides for Roberts' purchase of Glacia's assets including but not limited to any claims held by Glacia against third parties. | | |
| | 100. | The claims held by Glacia against third parties were not quantified in any way or at any point as part of the Receiver's sale of Glacia's assets. | | |
| | 101. | The Bid Procedures Motion and supporting documents including the APA were provided to Defendants' counsel, Joseph McIntosh by email on August 23, 2024. | | |
| | 102. | Defendants objected to the Bid Procedures Motion, including to the proposed credit bid by Plaintiff. | | |
| | 103. | September 17, 2024 The Receivership Court approved the Bid Procedures Motion. | | |
| | 104. | On September 3, 2024, Roberts filed a Motion for Order Authorizing and Directing Receiver to Provide Qualified Bidders With Accounting Report with the Receivership Court (the "September 3 Motion"). | | |

PRETRIAL ORDER– Page 12

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ih19n901z8

| | Admitted Fact | Dispute | Admissibility Objection by |
|---|---|---|---|
| | Roberts' September 3 Motion specifically stated that "[t]he assets to be sold for the benefit of creditors consist of all of Glacia's business assets, including any claims that Glacia holds against third parties to the extent Glacia's funds were improperly used." | | |
| 105. | The September 3 Motion did not quantify the claims that Glacia holds against third parties to which it referred. | | P – Relevance |
| 106. | The September 3 Motion was provided to Defendants' attorney Joseph McIntosh by email on September 3, 2024. | | |
| 107. | On September 7, 2024, Defendants amended their Bankruptcy Schedule E/F and in so doing, checked the box on the form indicating that the document was an amended filing. | | |
| 108. | The substance of the amendment to Bankruptcy Schedule E/F was to include Montgomery, Backous, Grether, the Baughs, the Receiver, Brown, Dowdell, Mulholland, Johnson and Roberts, with the box for "disputed" checked as to each, and identifying each as having a "Potential Claim Against Debtor." | | |
| 109. | Montgomery, Backous, Grether, Brown, Mulholland and Roberts had each executed declarations in support of the appointment of a receiver that were filed with the Receivership Court. | | |
| 110. | Montgomery, Backous, Grether, Brown, Roberts, the Baughs, Dowdell and Johnson had each executed declarations in support of the expansion of the Receiver's role to that of a general receiver that were filed with the Receivership Court. | | |
| 111. | Neither Gil nor Ruhfoff had filed declarations supporting the appointment of a receiver. | | |
| 112. | Neither Gil nor Ruhoff had supported the expansion of the Receiver's role to that of a general receiver. | | |
| 113. | Both Gil and Ruhoff had supported Defendant Craig Rominger's Motion to Remove Receiver, For Good Cause filed on August 20, 2024. | | |

PRETRIAL ORDER– Page 13

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ih19n901z8

| | Admitted Fact | Dispute | Admissibility Objection by |
|---|---|---|---|
| 114. | Defendants did not include Gil or Ruhoff on their amended Schedule E/F. | | |
| 115. | The Defendants did not provide notice of the amended Schedule E/F or the Bankruptcy Case to the newly scheduled individuals. | | |
| 116. | On September 7, 2024, Defendants amended their SOFA to disclose that one or both of them had held officer positions in Glacia within the four years preceding their Bankruptcy Case. | | |
| 117. | On September 30, 2024, the Receiver filed a Report of Findings for Glacia, Inc. dba Serakul (the "Pivotal Report") in the Receivership. | | |
| 118. | The Pivotal Report was not verified by any court-appointed auditor or expert witness. | | P – Relevance |
| 119. | On October 8, 2024, the Receivership Court entered an Order Granting Motion to Verify Bid Results (the "Order Approving Sale"). | | |
| 120. | October 8, 2024 The Order Approving Sale approved the Receiver's sale of Glacia's assets to Plaintiff. | | |
| 121. | The consideration provided by Plaintiff consisted solely of his credit bid. | | P – Relevance |
| 122. | October 8, 2024Plaintiff purchased Glacia's assets, including claims against Defendants, after the Petition Date. | | P – Relevance |
| 123. | Plaintiff's asserted creditor status with respect to Defendants is based upon the asserted claims he acquired from Glacia. | | |
| 124. | To date, Plaintiff has not taken any formal or direct action to enforce or value the claims he acquired with respect to Defendants. | | P – Relevance |
| 125. | On October 21, 2024, the Bankruptcy Court issued an Order of Discharge in the Defendants' Bankruptcy Case. | | |

PRETRIAL ORDER– Page 14

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | Admitted Fact | Dispute | Admissibility Objection by |
|---|---|---|---|
| 126. | The Certificate of Notice issued by the Bankruptcy Court with respect to the Order of Discharge states that it was mailed to Plaintiff at the following address on October 23, 2024:<br><br>4105 E. Madison St. #200<br>Seattle, WA 98112-3204 | | |
| 127. | The Certificate of Notice issued by the Bankruptcy Court with respect to the Order of Discharge states that it was mailed to the Receiver and certain other notice recipients on October 23, 2024. | | |
| 128. | The Certificate of Notice issued by the Bankruptcy Court with respect to the Order of Discharge states that it was sent via electronic transmission to certain notice parties. | | P – Relevance |
| 129. | On November 13, 2024, the Receivership Court entered an Order Granting Receiver's Motion to Terminate Receivership and For Related Relief, ending the Receivership | | P – Relevance |
| 130. | The Receiver emailed the Termination Order to Plaintiff at 4:06 p.m on November 13, 2024. | | |
| 131. | At 4:12 p.m. on November 13, 2024, the Receiver sent a follow up email to Plaintiff to ensure Plaintiff was aware of Defendants' bankruptcy filing. | | |
| 132. | The Receiver's November 13, 2024 email stated that the first thing she had received about the Bankruptcy Case was the notice of discharge. The Receiver further stated that "[i]f I'd had this notice before selling Glacia's assets to Jonathan, I might have felt the need to take some action to assert a claim or a non-discharge action. At this point, though, I think Jonathan holds all such claims." | | |
| 133. | Plaintiff learned of the Bankruptcy Case no later than November 13, 2024. | | |
| 134. | On December 6, 2024, Roberts filed a Motion to Reopen Bankruptcy Case in Order to Seek Revocation of Discharge. | | |

PRETRIAL ORDER– Page 15

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | Admitted Fact | Dispute | Admissibility Objection by |
|---|---|---|---|
| 135. | On December 30, 2024 Bankruptcy Court entered an Order Granting Motion to Reopen Bankruptcy Case in Order to Seek Revocation of Discharge. | | |
| 136. | On December 30, 2024, Roberts commenced the Adversary Proceeding by filing a Complaint for Revocation of Discharge Pursuant to 11 U.S.C. § 727(d)(1). | | |
| 137. | One of the headings in the Complaint is "The Receiver Employes a Forensic Accountant." | | P – Relevance |
| 138. | On April 2, 2025, Defendant Craig Rominger filed a Petition for Protection Order Against Roberts in Snohomish County Superior Court (the "Rominger Post-Petition Protection Order Action"). | | |
| 139. | Defendant Craig Rominger sent a letter dated April 15, 2025 to Dowdell regarding "Notice of Legal Accountability and Inclusion in Malicious Scheme." | | |
| 140. | Defendant Craig Rominger sent a letter dated April 15, 2025 to Johnson regarding "Notice of Legal Accountability and Inclusion in Malicious Scheme." | | |
| 141. | Defendant Craig Rominger sent a letter dated April 15, 2025 to the Baughs regarding "Notice of Legal Accountability and Inclusion in Malicious Scheme." | | |
| 142. | Defendant Craig Rominger sent a letter dated April 15, 2025 to Grether regarding "Notice of Legal Accountability and Inclusion in Malicious Scheme." | | |
| 143. | On April 18, 2025, Defendant Craig Rominger caused to be filed *Rominger v. Goodwin*, Snohomish County Superior Court Case No. 25-2-03635-31 (the "Goodwin Action"). | | |
| 144. | The value and enforceability of the claims asserted in the Goodwin Action were undetermined by Defendants as of the Petition Date. | | |
| 145. | On April 18, 2025, Defendant Craig Rominger caused to be filed *Rominger v. Backous*, Snohomish County Superior Court Case No. 25-2-03638-31 (the "Backous Action"). | | |

PRETRIAL ORDER– Page 16

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | Admitted Fact | Dispute | Admissibility Objection by |
|---|---|---|---|
| 146. | The Receiver deposed Benedetto on May 13, 2024. | | P – Relevance |
| 147. | The Benedetto deposition was transcribed. | | P – Relevance |

**DEFENDANTS' ASSERTED DISPUTED ISSUES OF FACT (BY TOPIC)**

**I. Topic: Plaintiff's Standing and Motive**

1. Plaintiff purchased Glacia's assets, including claims against Defendants, after the Petition Date.

   o   Plaintiff's Objection: Relevance.

2. The consideration provided by Plaintiff consisted solely of his credit bid.

   o   Plaintiff's Objection: Relevance.

3. To date, Plaintiff has not taken any formal or direct action to enforce or value the claims he acquired with respect to Defendants.

   •   Plaintiff's Objection: Relevance.

4. Jonathan Roberts began promoting Chad Goodwin as the acting President of Glacia as early as January 2022.

   •   Plaintiff's Objection: Relevance.

5. During the same period, Roberts filed various motions and declarations in court regarding Craig Rominger's authority.

   •   Plaintiff's Objection: Dispute.

6. Defendant Craig Rominger asserted in the Receivership that certain convertible promissory notes executed by Glacia in favor of Plaintiff were not valid or enforceable.

   •   Plaintiff's Objection: Relevance.

7. The Receivership Court did not adjudicate the validity or enforceability of Plaintiff's convertible notes.

   •   Plaintiff's Objection: Relevance.

8. The Roberts Protection Order Action does not constitute an asset of Defendants.

PRETRIAL ORDER– Page 17

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ih19n901z8

- Plaintiff's Objection: Relevance.

9. On November 13, 2024, the Receivership Court entered an Order Granting Receiver's Motion to Terminate Receivership and For Related Relief.

- Plaintiff's Objection: Relevance.

## II. Topic: Receiver's Reports

10. The First Interim Report does not make any reference to any claims held by Defendant Craig Rominger.

   o Plaintiff's Objection: Relevance.

11. The Third and Final Report does not specifically identify any claims held by Defendant Craig Rominger against Glacia.

   o Plaintiff's Objection: Relevance.

12. On November 13, 2024, the Receivership Court entered an Order Granting Receiver's Motion to Terminate Receivership and For Related Relief.

   o Plaintiff's Objection: Relevance.

## III. Topic: The Pivotal Report and Financial Records

13. On or about April 19, 2023, Glacia's contract CFO Paul Benedetto executed a declaration that was filed in the Receivership (the "Benedetto Declaration").

   o Plaintiff's Objection: Disputed; Relevance.

14. The Benedetto Declaration states that Mr. Benedetto served as a financial consulting contractor for Glacia beginning in September 2022.

   o Plaintiff's Objection: Hearsay; Relevance.

15. The practice of reimbursing personal expenses, which the Receiver questioned, is described by Benedetto as a standard practice for pre-revenue startups.

   o Plaintiff's Objection: Dispute.

16. The Benedetto Declaration states that "[h]aving reviewed Glacia's underlying financial data, I can attest that the financial accounting reporting looks proper, accurate and complete for the periods prepared to date."

   o Plaintiff's Objection: Hearsay; Relevance.

PRETRIAL ORDER– Page 18

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

17. The Pivotal Report was not verified by any court-appointed auditor or expert witness.

   o   Plaintiff's Objection: Relevance.

18. Defendants did not object to or challenge the Pivotal Report in the Receivership.

   o   Plaintiff's Objection: Relevance.

19. The September 3 Motion did not quantify the claims that Glacia holds against third parties to which it referred.

   o   Plaintiff's Objection: Relevance.

20. A request for financial documents (the Section 220 demand) was made by Roberts and was complied with on November 27, 2022. The plaintiff's counsel did not provide a response to this.

   o   Plaintiff's Objection: Dispute.

21   MSA filed with Receivership Order is unsigned.

   Plaintiff's Objection:  Relevance

   o

## IV. Topic: Bankruptcy Filings and Receivership Claims

18. The Romingers amended their bankruptcy filings to include all information determined to be accurate at that time.

   o   Plaintiff's Objection: Dispute.

19. The individuals added to the Defendants' amended Schedule E/F were also parties in the Glacia, Inc. receivership.

   o   Plaintiff's Objection: Dispute.

20. A Certificate of Credit Counseling was filed with the Bankruptcy Court as to Defendant Heidi Rominger on the Petition Date.

   o   Plaintiff's Objection: Relevance.

21. A Certificate of Credit Counseling was filed with the Bankruptcy Court as to Defendant Craig Rominger on the Petition Date.

   o   Plaintiff's Objection: Relevance.

PRETRIAL ORDER– Page 19

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ih19n901z8

22. The Certificate of Notice issued by the Bankruptcy Court with respect to the Order of Discharge states that it was sent via electronic transmission to certain notice parties.

- Plaintiff's Objection: Relevance.

23. As of the Petition Date, any potential claims held by the Defendants against Chad Goodwin were subject to the Glacia, Inc. receivership, and their value and enforceability were undetermined at the time of the original bankruptcy filing.

- Plaintiff's Objection: Dispute.

24. As of the Petition Date, any potential claims held by the Defendants against Jonathan Roberts were subject to the Glacia, Inc. receivership, and their value and enforceability were undetermined at the time of the original bankruptcy filing.

- Plaintiff's Objection: Dispute.

25. As of the Petition Date any potential claims held by the Defendants against Joel Ruhoff were subject to the Glacia, Inc. receivership, and their value and enforceability were undetermined at the time of the bankruptcy filing.

- Plaintiff's Objection: Dispute.

26. As of the Petition Date any potential claims held by the defendants against Carlos Gil ("Gil") were subject to the Glacia, Inc. receivership, and their value and enforceability were undetermined at the time of the bankruptcy filing.

- Plaintiff's Objection: Dispute.

27. As of the Petition Date any potential claims held by the defendants against Kristen Johnson ("Johnson"), an investor in Glacia, were subject to the Glacia, Inc. receivership, and their value and enforceability were undetermined at the time of the bankruptcy filing.

- Plaintiff's Objection: Dispute.

28. As of the Petition Date any potential claims held by the defendants against Melissa Mulholland were subject to the Glacia, Inc. receivership, and their value and enforceability were undetermined at the time of the bankruptcy filing.

- Plaintiff's Objection: Dispute.

29. As of the Petition Date any potential claims held by the defendants against John Dowdell ("Dowdell"), an investor in Glacia, were subject to the Glacia, Inc. receivership, and their value and enforceability were undetermined at the time of the bankruptcy filing.

- Plaintiff's Objection: Dispute.

PRETRIAL ORDER– Page 20

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ih19n901z8

30. As of the Petition Date any potential claims held by the defendants against Fred Brown ("Brown"), an investor in Glacia, were subject to the Glacia, Inc. receivership, and their value and enforceability were undetermined at the time of the bankruptcy filing.

   o   Plaintiff's Objection: Dispute.

31. As of the Petition Date any potential claims held by the defendants against Douglas Backous ("Backous") were subject to the Glacia, Inc. receivership, and their value and enforceability were undetermined at the time of the bankruptcy filing.

   o   Plaintiff's Objection: Dispute.

32. As of the Petition Date any potential claims held by the defendants against Kelly Baugh (the "Baughs"), investors in Glacia, were subject to the Glacia, Inc. receivership, and their value and enforceability were undetermined at the time of the bankruptcy filing.

   o   Plaintiff's Objection: Dispute.

33. As of the Petition Date any potential claims held by the defendants against Bruce Montgomery ("Montgomery"), an investor in Glacia, were subject to the Glacia, Inc. receivership, and their value and enforceability were undetermined at the time of the bankruptcy filing.

   o   Plaintiff's Objection: Dispute.

34. As of the Petition Date any potential claims held by the defendants against Carl Grether ("Grether"), an investor in Glacia, were subject to the Glacia, Inc. receivership, and their value and enforceability were undetermined at the time of the bankruptcy filing.

   o   Plaintiff's Objection: Dispute.

35. As of the Petition Date any potential claims held by the defendants against the Receiver were subject to the Glacia, Inc. receivership, and their value and enforceability were undetermined at the time of the bankruptcy filing.

   o   Plaintiff's Objection: Dispute.

36. As of the Petition Date any potential claims held by the defendants against Glacia were subject to the Glacia, Inc. receivership, and their value and enforceability were undetermined at the time of the bankruptcy filing.

   o   Plaintiff's Objection: Dispute.

37. As of the Petition date, the debtors had potential claims against the plaintiff and other individuals that were subject to the Glacia, Inc. receivership, and their value and enforceability were undetermined at the time of the original bankruptcy filing.

   o   Plaintiff's Objection: Dispute.

PRETRIAL ORDER– Page 21

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

38  In their Response in Opposition to Plaintiff's Motion for Summary Judgment, Defendants represented that the August 20 Pleading by Joseph McIntosh in the Receivership was filed without their final review.

Plaintiff's Objection:  Dispute

## **ISSUES OF LAW**

The following are the issues of law to be determined by the court:

1.     Whether Defendants obtained their bankruptcy discharge through fraud, specifically by making material, knowing, fraudulent false oaths (collectively, the "Bankruptcy Fraud") in their bankruptcy case.

2.     Whether Plaintiff is a creditor pursuant to 11 U.S.C. § 101(10) with legal standing to assert an action under 11 U.S.C. § 727(d)(1), which determination includes a determination of whether (a) whether Plaintiff's retroactive creditor status should be recognized, whether the specific timing of Plaintiff's acquisition of the claim satisfies creditor status for purposes of § 727(d)(1),

3.     Whether Plaintiff knew of the Bankruptcy Fraud prior to Defendants obtaining their bankruptcy discharge.

**Additional Issues of Law Asserted by Defendants to which Plaintiff does not agree:**

4.     Whether the 'Pivotal Report,' which is being offered to prove the basis of the plaintiff's standing, is admissible, and if so, what weight should be given to its findings. Plaintiff submits this is an evidentiary issue.

5.     Whether the plaintiff's alleged damages, if any, were caused by the acts or omissions of the plaintiff or a third party.  Plaintiff submits this is not a legal issue with respect to a § 727(d)(1) action.

6.     Whether the plaintiff's claims are barred by the doctrines of unclean hands, waiver, laches, and/or estoppel.  Plaintiff submits this is not a legal issue with respect to a § 727(d)(1) action.

PRETRIAL ORDER– Page 22

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ih19n901z8

7.     Whether the defendants are entitled to an award of reasonable attorney's fees and costs. [Plaintiff submits this is not a legal issue with respect to a § 727(d)(1) action].

## **EXPERT WITNESSES**

None.

## **OTHER WITNESSES**

The names and addresses of witnesses, other than experts, to be used by each party at the time of the trial and the general nature of the testimony of each are:

(a)     On behalf of plaintiff:

(i)     Craig Rominger, 7517 150th St SE, Snohomish, WA 98296-8443, will testify as to the nature and circumstances of the false oaths that Plaintiff alleges were made by Defendants in their bankruptcy case.

(ii)    Heidi Rominger, 7517 150th St SE, Snohomish, WA 98296-8443, will testify as to the nature and circumstances of the false oaths that Plaintiff alleges were made by Defendants in their bankruptcy case.

(iii)   Dominique Scalia (the "Receiver"), c/o DBS Law, DBS Law, 819 Virginia St., Suite C2, Seattle, WA 98101, will testify as to claims submitted by Defendants in the receivership of Glacia, Inc. (the "Receivership"), notice given to parties of the nature of assets being sold in the receivership of Glacia, Inc., and the lack of notice provided by Defendants with respect to their bankruptcy case. Plaintiff will also authenticate certain exhibits through the Receiver, as necessary.

(iv)    Jonathan Roberts, c/o Christine M. Tobin-Presser, Bush Kornfeld LLP, 601 Union Street, Suite 5000, Seattle, WA, 98101, will testify as to the claims (as

PRETRIAL ORDER– Page 23

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | | |
|---|---|---|
| 1 | | defined by 11 U.S.C. § 101(5)) that he holds against Defendants and when he |
| 2 | | learned of the Alleged Fraud by Defendants. |
| 3 | (v) | Possible witness only. If called, Ronald G. Brown (the "Chapter 7 Trustee"), |
| 4 | | Law Office of Ronald G. Brown. P.O. Box 2369. Kirkland, WA 98083, will |
| 5 | | testify to Defendants' lack of disclosure of certain assets and relationships in |
| 6 | | their bankruptcy case and the materiality thereof. |
| 7 | (vi) | Possible witness only. If called, Richard Symmes, c/o Symmes Law Group |
| 8 | | PLLC, 1818 Westlake Ave N #202, Seattle, WA 98109, will testify as to |
| 9 | | disclosures made by Defendants to him with respect to their financial |
| 10 | | relationships and circumstances, advice sought by Defendants and advice given |
| 11 | | to Defendants with respect to what to include in their bankruptcy filings. |

On behalf of Defendants:

    (i)    Craig Rominger, 7517 150th St SE, Snohomish, WA 98296-8443, will testify regarding the defendants' good-faith efforts to comply with all bankruptcy rules, including the preparation and amendment of their bankruptcy schedules and statement of financial affairs. He will also testify about the value and status of any potential claims held by the defendants, the receivership process, and his reliance on the advice of legal and accounting professionals.

    (ii)    Heidi Rominger, 7517 150th St SE, Snohomish, WA 98296-8443, will testify regarding the defendants' good-faith efforts to comply with all bankruptcy rules, including the preparation and amendment of their bankruptcy schedules and statement of financial affairs. She will also testify to her understanding of her role as an officer of Glacia, Inc. and her reliance on the advice of legal counsel.

PRETRIAL ORDER– Page 24

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ih19n901z8

(iii)    Joe McIntosh c/o Tomlinson Bomsztyk Russ 1000 2nd Ave Ste 3660 Seattle, WA 98104-1079, will provide testimony about the defendants' good-faith efforts to disclose all relevant financial information to him as their legal counsel, and the professional advice he gave them regarding the preparation of their bankruptcy documents.

(iv)    Alicia Thomas c/o Pivotal Services, LLC, 3570 Elmont, Enumclaw, WA 98022, will testify regarding her qualifications, the methodology used to prepare the "Pivotal Report," and its adherence to or deviation from Generally Accepted Accounting Principles (GAAP). She will also testify as to the report's findings, limitations, and the documents she was provided by the Receiver.

(v)    Jonathan Roberts, c/o Christine M. Tobin-Presser, Bush Kornfeld LLP, 601 Union Street, Suite 5000, Seattle, WA, 98101, will testify as to the claims (as defined by 11 U.S.C. § 101(5)) that he holds against Defendants and when he learned of the Alleged Fraud by Defendants.

(vi)    Defendants reserve the right to call witnesses identified by the plaintiff and any rebuttal witnesses

## **EXHIBITS**

A.    **Plaintiff's Exhibits**

|  | Exhibit | Authenticity Stipulated | Admissibilty Stipulated |
|---|---|---|---|
| P1 | 12/19/22 Motion for Appointment of General Receiver Pursuant to RCW 7.60.025 | X | X |

PRETRIAL ORDER– Page 25

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ih19n901z8

| | Exhibit | Authenticity Stipulated | Admissibilty Stipulated |
|---|---|---|---|
| P2 | 2/20/24 Proof of Claim executed by Craig Rominger in the amount of $503,499.00 | X | X |
| P3 | 2/20/24 Proof of Claim executed by Craig Rominger in the amount of $104,000 | X | X |
| P4 | 08/19/2024 Transcript of Digitally Recorded 341 Meeting of Creditors | X | X |
| P5 | 08/20/24 Motion to Remove Receiver, For Good Cause filed on behalf of Craig Rominger | X | X |
| P6 | 04/18/25 Complaint for Fraud, Trade Secret Theft, Civil Conspiracy, and Permanent Injunctive Relief, Snohomish County Superior Court Case No. 25-2-03635-31 | X | |
| P7 | 05/18/22 *Rominger v. Goodwin et al.,* Arbitration Complaint for Declaratory Relief, Injunctive Relief and Replevin | X | |
| P8 | 04/18/25 Complaint for Civil Conspiracy, Fraud, Trade Secret Misappropriation and Equitable Relief, Snohomish County Superior Court Case No. 25-2-03638-31 | X | |
| P9 | 11/16/23 Declaration of Heidi Rominger in Response to Plaintiff Roberts Motion to Expand Receivership | X | X |
| P10 | Heidi Rominger LinkedIn Profile | X | X |
| P11 | 11/13/24 Email from Dominique Scalia to Jonathan Roberts re: "To Do" items for info/asset transfers | | |
| P12 | 08/26/22 Email correspondence between Steven Yentzer and Adam Matherly re: Section 220 Books and Record Request [Redacted as to proposed settlement terms] | | |
| P13 | 11/27/22 Email from Paul Benedetto to S. Yentzer, copying Craig Rominger re: Glacia Items for Request 8 Del. Code Section 220 | | |
| P14 | 03/27/23 Order Appointing Receiver for Specified Purposes | X | X |

PRETRIAL ORDER– Page 26

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | Exhibit | Authenticity Stipulated | Admissibilty Stipulated |
|---|---|---|---|
| P15 | 12/22/23 Receiver's Ex Parte Motion to Employ Pivotal Services | X | X |
| P16 | 12/22/23 Order Granting Receiver's Motion to Employ Pivotal Services | X | X |
| P17 | 12/02/23 Limited Liability Articles of Organization – Savage Desserts LLC | X | X |
| P18 | 05/12/20 Certificate of Formation – Freestyle Entertainment LLC | X | X |
| P19 | 06/03/23 Certificate of Dissolution – Freestyle Entertainment LLC | X | X |
| P20 | 10/25/23 Protection Order Issued by King County Superior Court in *Roberts v. Rominger*, Case No. 23-2-15262-0 | X | |
| P21 | 04/02/25 Petition for Protection Order and Denial of Protection Order in *Rominger v. Roberts*, Snohomish County Superior Court Case No. 25-2-03003-31 | X | |
| P22 | 09/18/24 Email from Dominique Scalia re: Glacia Report & Asset update | | |
| P23 | 04/15/25 Letter from C. Rominger to J. Dowdell re: Notice of Legal Accountability and Inclusion in Malicious Litigation Scheme | | |
| P24 | Docket Report from Bankruptcy Case No. 24-11790-CMA – In re Rominger | X | X |
| P25 | 01/06/23 Declaration of Craig Rominger in Support of Defendant's Opposition to Plaintiff's Motion to Appoint Receiver | X | X |
| P26 | 05/05/23 Amended Order Appointing Receiver for Specified Purposes | X | X |
| P27 | 04-21-23 Declaration of C. Rominger in Support of Motion to Terminate Receivership | X | X |

PRETRIAL ORDER– Page 27

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

|  | Exhibit | Authenticity Stipulated | Admissibilty Stipulated |
|---|---|---|---|
| P28 | 08/04/23 Receiver's Second Interim Report | X | X |
| P29 | 11/13/23 Motion to Expand Receivership to a General Receivership | X | X |
| P30 | 11/16/23 Declaration of Craig Rominger in Response to Plaintiff Roberts Motion to Expand Receivership | X | X |
| P31 | 12/12/23 Order Expanding Role of Receiver to General Receiver Pursuant to RCW § 7.60.025 | X | X |
| P32 | 07/07/23 Email from C. Rominger to D. Scalia re: Removal of Chris Wion from Receivership Process | | |
| P33 | 08/08/23 Motion to Compel Glacia/Rominger to Comply With Order Appointing Receiver | X | |
| P34 | 08/11/23 Glacia's Response to Roberts' Motion to Compel Rominger/Glacia to Comply With Order Appointing Receiver | | |
| P35 | 06/24/24 – 7/27/24 Email string between H. Rominger and D. Scalia | X | X |
| P36 | Defendants 07/18/24 Petition, Bankruptcy Schedules and Statement of Financial Affairs | X | X |
| P37 | 08/23/24 Email from G. Ericson attaching pleadings relating to Receiver's Motion to Approve Credit Bid and to Approve Bid Procedures | X | X |
| P38 | 09/03/24 Motion for Order Authorizing and Directing Receiver to Provide Qualified Bidders With Accounting Report | X | |
| P39 | 09/03/24 Declaration of Service – Motion for Order Authorizing and Directing Receiver to Provide Qualified Bidders With Accounting Report | X | |
| P40 | 05/28/25 Declaration of Joseph Ward McIntosh | X | |

PRETRIAL ORDER– Page 28

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ih19n901z8

| | Exhibit | Authenticity Stipulated | Admissibilty Stipulated |
|---|---|---|---|
| P41 | 09/30/24 Report of Findings for Glacia, Inc. dba Serakul filed with Snohomish County Superior Court in Case No. 22-2-07724-31 | X | |
| P42 | 09/07/24 Amendment to Defendants' Bankruptcy Schedules E/F | X | X |
| P43 | 09/07/24 Amendment to Defendants' Statement of Financial Affairs | X | X |
| P44 | 10/08/24 Order Granting Motion to Verify Bid Results | X | X |
| P45 | 06/09/21 Certificate of Incorporation of Glacia, Inc. filed with Delaware Secretary of State | X | X |
| P46 | 03/02/23 Foreign Registration Statement for Glacia, Inc. filed with Washington Secretary of State | X | X |
| P47 | 05/28/25 Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment | X | X |
| P48 | Defendants Responses to Plaintiff's Discovery | X | |
| P49 | 08/08/24 Email from L. Thornton to C. Rominger et al. re: Disturbing findings in Receiver's Latest Motion | X | |
| P50 | 03/15/23 4:19 Email from C. Hightower RE: Attorney withdrawal and submission without client approval | X | |
| P51 | 07/21/25 Debtor's Motion to Dismiss for Lack of Standing Under 11 USC §§ 727(D) and 101(10) | X | X |
| P52 | Certified copy of docket in Receivership | X | |
| P53 | April 27, 2025 Declaration of Carl Grether | X | |
| P54 | 01/26/24 Receivership Schedules | | |
| P55 | 05/28/25 Declaration of Craig Rominger re: Defendants' Response to SJ Motion | X | |

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ih19n901z8

| | Exhibit | Authenticity Stipulated | Admissibilty Stipulated |
|---|---|---|---|
| P56 | 05/28/25 Declaration of Heidi Rominger re: Defendants' Response to SJ Motion | X | |
| P57 | 01/30/25 Defendant's Answer to Complaint | X | |

**Defendants Exhibits**

| | Exhibit | Authenticity Stipulated | Admissibilty Stipulated |
|---|---|---|---|
| D1 | 6/8/23 Receiver's First Interim Report. | X | |
| D2 | 9/18/23 Receiver's Third and Final Report. | X | |
| D3 | 11.26.2022 Gmail - Satisfaction of Mr. Roberts Section 220 Books and Records Requestsent by Plaintiff's counsel to Paul Benedetto. | X | |
| D4 | A printout of Jonathan Roberts' texts from July 2021 to May 2022. | | |
| D5 | True and Correct Copy of the Complete Text History between Chad Goodwin and Mr. Rominger from May 1, 2022 - May 18, 2022 | | |
| D6 | Declaration of Alicia Thomas, Principal and Sole Member of Pivotal Services, LLC, Unsigned MSA, and CV | X | X |
| D7 | Glacia May 27, 2022 Board Meeting, Approved Minutes | | |
| D8 | 7.19.2024 Certificate of formal notice of debtor's bankruptcy. | X | |
| D9 | GAAP Accounting Reconciliation of ALL Rominger incurred and reimbursed Glacia expenses | | |
| D10 | 11.20.2023 Verbatim report from hearing with Hon. Judge Cindy Larsen | X | |
| D11 | 10.21.2024 The final Bankruptcy Order of Discharge and the Certificate of Notice of the discharge. | X | X |
| D12 | 09.19.2024 The Trustee's final Report of No Distribution, filed in the debtor's bankruptcy case. | X | X |
| D13 | Receivership Credit Bid Asset Purchase Agreement dated July XX, 2024 | X | X |

PRETRIAL ORDER– Page 30

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

| | Exhibit | Authenticity Stipulated | Admissibilty Stipulated |
|---|---|---|---|
| D14 | 7/11/24 Credit Counseling Certificates | | |
| D15 | Report of Findings for Glacia, Inc. | X | X |
| D16 | 08.20.2024 Declaration of Carlos Gil, filed in the Glacia, Inc. receivership action | X | |
| D17 | 08.20.2024 Declaration of Joel Ruhoff, filed in the Glacia, Inc. receivership action | X | |
| D18 | 08.20.2024 Declaration of Joe McIntosh, filed in the Glacia, Inc. receivership action | X | |
| D19 | Judge Larsen DENIES Mr. Roberts Motion to Compel Glacia/Rominger to Comply with Order Appointing Receiver and Confirming Receiver's subpoena Authority October 20, 2023 | X | |
| D20 | Motion to Remove Receiver for Cause, filed by Joe McIntosh on August 20, 2023. | X | X |
| D21 | 12/06/2024 –Mr. Roberts Complaint for Revocation of Discharge under 727(d)(1) | X | |
| D22 | 05.13.2024 Deposition of Paul Benedetto, former contract CFO for Glacia, taken WITHOUT proper notice to McIntosh/Rominger | X | |
| D23 | Email thread between Mr. Rominger and Receiver Scalia / DBS Law / Thornton clearly showing confusion surrounding "claims" as late as August 28, 2024 | X | |
| D24 | 08.15.2024 Reaffirmation Agreement for Carvana signed by both Craig Rominger and Heidi Rominger | | |
| D25 | 08.19.2025 Declaration of Dexter Rominger | | |
| D26 | 05/27/2025 Declaration of Richard Symmes | X | |
| D27 | 05/28/2025 Declaration of Joe McIntosh | X | |

PRETRIAL ORDER– Page 31

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ih19n901z8

## **ACTION BY THE COURT**

a.      This case is scheduled for trial (without a jury) on August 26, 2025 at 9:30 a.m. and on August 28, 2025 at 9:30 a.m.

b.      This order shall control the subsequent course of the action unless modified by a subsequent order.  This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

//End of Order//

Presented by:

BUSH KORNFELD LLP

By    /s/ Christine M. Tobin-Presser
     Christine M. Tobin-Presser, WSBA #27628
Attorneys for Plaintiff Jonathan Roberts

By    /s/ Craig Rominger
     Craig Rominger, Defendant

By    /s/ Heidi Rominger
     Heidi Rominger, Defendant

PRETRIAL ORDER– Page 32

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

ih19n901z8